THE CORPORATION OF THE BRICK PRESBYTERIAN CHURCH IN THE CITY OF NEW-YORK *against* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW-YORK.

On demurrer to the plea, in an action on the covenant for quiet enjoyment.

The corporation of the city of New York conveyed lands for the purposes of a church and cemetery, with a covenant for quiet enjoyment; and afterwards, pursuant to a power granted by the legislature, passed a by law prohibiting the use of these lands as a cemetery; held, that this was not a breach of the covenant, which entitled to damages, but it was a repeal of the covenant.

*H. Holden* and *G. Griffin*, in support of the demurrer, cited *Holder* v. *Taylor*, (Hob. 12:) *M'Gooch* v. *M'Gooch*, (4 Mass. Rep. 348, 352;) *Chisholm* v. *State of Georgia*, (2 Dall. 419;) *Paradine* v. *Jane*, (Aleyn, 26;) *Brason* v. *Dean*, (3 Mod. 39;) 12 John. 122, 5; 3 John. 471; Com. Dig. Covenant, (D. 2,) (E. 1.)

*P. A. Jay* and *M. Ulshoeffer*, contra, cited *Norton* v. *Simmes*, (Hod. 12;) F. Moore, 856, S. C. ; *Brewster* v. *Kitchen*, (1 Ld. Raym. 317,) per Holt ; Com. Dig. Covenant, (F;) 2 Gwil. Bac. 80 ; 1 Kyd on Corp. 271 ; Com. Dig. Covenant, (A. 3.) ; 1 Rol. 518 ; Cro. Eliz. 914; Noy. 50 ; 1 Lev. 94 ; Skin, 344 ; Bendl. Pl. 110 ; Hardr. 132 ; 2 Saund. 180 ; 1 Sid. 466 ; 3 Mod. 135 ; 1 Lev. 301 ; 2

A corporation cannot, by contract, abridge their legislative power.

Where one covenants not to do a thing which it is lawful for him to do ; and an act of the legislature comes after and compels him to do it ; then the act repeals the covenant ; and *vice versa :* but when a man covenants to do a thing which was unlawful at the time of the covenant, and afterwards a statute makes it lawful, it does not repeal the covenant.

Ventr. 62 ; 3 Lev. 305, 325 ; 8 Rep. 91 ; 2 Mass. Rep. 437 ; Com. Dig. Pleader, (C. 48 ;) *Pomfret* v. *Rycroft*, (1 Ventr. 44,) per Twisden, J. ; 1 Sid. 429 ; *Waldon* v. *Mc-Carty*, 3 John. 473,) per Spencer, J. ; 2 R. L. 445, s. 267 ; *Mayor* v. *Ordeneau*, (12 John. 122 ;) *Furman* v. *Knapp*, (19 John. 248 ;) 1 Chit. Pl. 232, 3, 4 ; 4 Wheat. 652, per Marshall, Ch. Justice ; *Watson* v. *The Master, &c.* (14 Ves. 333 ; *Auburn Academy* v. *Strong*, (1 Hopk. Ch. Rep. 278 ;) *Commonwealth* v, *Bird*,) 12 Mass. Rep. 442 ; *Gosler* v. *Corp. Georgetown*, (6 Wheat. 597 ;) 4 T. R. 794 ; *Fartitle* v. *Gilbert*, (2 T. R. 169 ;) *Pendleton* v. *Dyett*, (4 Cowen's Rep. 583 ;) 10 John. 96 ; 11 id. 443, and the cases there cited.

The pleadings and points decided are stated in the opinion of the court ; which was delivered by

SAVAGE, Ch. Justice.

This action is brought for an alleged breach of the covenant for quiet enjoyment.

On the 25th of February, 1766, the defendants conveyed to those whom the plaintiffs represent, the premises on which the brick presbyterian church now stands, in the city of New York. By the deed, the lessees covenanted for the payment of an annual rent, and also that, within ten years, the premises should be enclosed in a fence ; and that a church should be built thereon, or the premises should be used as a cemetery ; and also that they should never be used for private secular uses.

The defendants then covenanted, that the lessees and their assigns, paying the rent and performing the conditions, should quietly use, occupy and enjoy the premises, without any let or hindrance of the defendants or any other person, &c.

The plaintiffs aver performance on their part, and a breach of the covenant on the part of the defendants, by reason of their by-law of the 27th of October, 1823, prohibiting the use of the premises, as a cemetery, for the interment of the dead.

The defendants, by plea, justify under their charter of incorporation, and the act of the legislature of the state, (2 R. L. 445, § 267;) by which they have full power and authority to make and pass such by-laws and ordinances as they shall, from time to time, deem necessary and proper, "for regulating, or if they find it necessary, preventing the interment of the dead within the said city." To this plea the plaintiffs have demurred.

The principal question, and the only one which it is necessary to decide, is, whether the by-law of October, 1823, is *per se*, a violation of the covenant for quiet enjoyment, contained in the deed of the 25th February, 1766, for which the defendants are liable to pay damages.

The validity of the by-law is asserted by both parties. We are relieved therefore, from any inquiry on that point.

The defendants are a corporation, and in that capacity are authorized by their charter, and by-law, to purchase and hold, sell and convey real estate, in the same manner as individuals. They are considered a person in law within the scope of their corporate powers; and are subject to the same liabilities, and entitled to the same remedies, for the violation of contracts, as natural persons. They are also clothed, as well by their charter as by subsequent statutes of the state, with legislative powers; and, in the capacity of a local legislature, are particularly charged with the care of the public morals, and the public health within their own jurisdiction.

In ascertaining their rights and liabilities as a corporation, or as an individual, we must not consider their legislative character. They had no power as a party, to make a contract which should control or embarrass their legislative powers and duties. Their enactments, in their legislative capacity, are to have the same effect upon their individual acts, as upon those of any other persons, or the public at large, and no other effect.

The liability of the defendants, therefore, upon the covenant in question, must be the same as if it had been entered into by an individual; and the effect of the by-law upon it the same as if that by-law had been an act of the state

legislature.   It is expressly authorized by the legislature; and whether it be their act or an act of the local city legislature, makes no difference.   (4 Wheat. 652.)

The plaintiffs, then, are entitled to the same remedy as if the premises had been conveyed to them by an individual, under the like conditions and covenants.   This being so, the defendant's proposition is, that the act of the legislature rendering the covenant unlawful, the covenant itself becomes inoperative.

There are but few authorities on this question, and those few are at variance.   The case of *Brason* v. *Dean*, (3 Mod. 39,) decided in 1683, was covenant upon a charter party for the freight of a ship.   The defendant pleaded that the ship was loaded with French goods prohibited by law to be imported.   And, upon demurrer, judgment was given for the plaintiff; for the court were all of opinion, that if the thing to be done was lawful at the time when the defendant entered into the covenant, though it was afterwards prohibited by act of parliament, yet the covenant was binding.   But in the case of *Brewster* v. *Kitchin*, (1 Ld. Ray. 317, 321,) A. D. 1698, a different, and a more rational doctrine is established.   It is there said, " For the difference when an act of parliament will amount to a repeal of a covenant, and when not, is this :   when a man covenants not to do a thing which was lawful for him to do, and an act of parliament comes after, and compels him to do it, then the act repeals the covenant, and *vice versa*.   But when a man covenants not to do a thing which was unlawful at the time of the covenant, and afterwards an act makes it unlawful, the act does not repeal the covenant."

In 1 Salk. 198, where the same case is reported, the proposition is thus stated :   " Where H. covenants not to do an act or thing which was lawful to do, and an act of parliament comes after and compels him to do it, the statute repeals the covenant.   So if H. covenants to do a thing which is lawful, and an act of parliament comes in and hinders him from doing it, the covenant is repealed.   But if a man covenants not to do a thing which then was unlawful, and an act comes and makes it lawful to do it, such act of parliament does not repeal the covenant."

NEW YORK,          That such is the correct rule, as between individuals,
May, 1826.    seems to be admitted by the counsel for the plaintiffs. But
Presb. Church  it is contended that the rule is not applicable to a case,
    v.
City of N. Y.  where the same party makes the covenant, and afterwards
makes the legislative act, which abrogates the covenant.
There is indeed, a seeming inconsistency; but the solution
has already been given, viz. that the defendants had no
power to limit their legislative discretion by covenant; and
they are not estopped from giving this answer. (2 T. R.
169.)

The reasonableness of acting upon the rule, in this case,
cannot be more strongly exemplified, than by the case it-
self. Sixty years ago, when the lease was made, the prem-
ises were beyond the inhabited part of the city. They
were a common; and bounded on one side by a vineyard.
Now they are in the very heart of the city. When the
defendants covenanted that the lessees might enjoy the
premises for the purpose of burying their dead, it never en-
tered into the contemplation of either party, that the health
of the city might require the suspension, or abolition of
that right. It would be unreasonable in the extreme, to
hold that the plaintiffs should be at liberty to endanger
not only the lives of such as belong to the corporation of
the church, but also those of the citizens generally, because
their lease contains a covenant for quiet enjoyment. Sup-
pose these premises had been let for a certain purpose which
is proper in itself, in a detached situation, but a nuisance
in a city thickly inhabited—for instance, a slaughter house—
could it be seriously contended, that when the use of the
property in the way contemplated by the parties to the
conveyance, was forbidden by the legislature, an action
would lie against the grantor? Such a rule, I apprehend,
would be extremely oppressive and unjust, as to indivi-
duals; and equally so, as to the defendants in this cause.

The defendants are entitled to judgment on the demur-
rer.

                    Judgment for the defendants.