Catlin v. Fletcher.

---

RACHEL CATLIN, Plaintiff in Error, vs. LOREN FLETCHER, Defendant in Error.

ERROR TO THE DISTRICT COURT OF NICOLLET COUNTY.

Fraud cannot be predicated of a promise not performed for the purpose of avoiding a written instrument or bargain of any kind. A false promise not to enforce a mortgage does not taint the proceeding with such fraud as a court of equity will relieve against.

Nor will a misrepresentation in regard to the legal effect of the conveyance, avoid the instrument.

Points and authorities for Plaintiff in Error.

I. The District Court erred in sustaining the demurrer on the third cause assigned. The complaint does state facts sufficient to constitute a cause of action, and entitles the Plaintiff to the relief demanded. 1 *Story's Eq. Jur.*, secs. 186–88, 192, 221; 6 *Ind., Rep.*, (*Porter*) 183; 5 *Blackf. Rep.*, 509; 8 *Car & P*, 124.


Points and authorities for Defendant in Error.

I. Parties seeking relief are not entitled to enjoy the benefit of a contract which they repudiate. *Hill on Trustees*, 149, *Notes h and 1, and cases there cited;* 3 *Wend.*, 236; 8 *Met.*, 550; 4 *Mass.*, 520; 23 *Pick.*, 283; 5 *Cush.*, 126; 1 *Denio*, 69; 5 *Barb.*, 319.

II. The acts of the Defendant, as alleged in the bill, do not constitute a cause of action. The fraud in this case, if any, comes under the first class, (as classified by Lord Hardwick, in *Chesterfield vs. Jansen*, 2 *Ves.*, 155,) "fraud arising from facts and circumstances of imposition," whether by *suggestio falsi* or *suppressio veri*. In this action there is no suppression of fact complained of, but the complaint is of "false promises and representations." To constitute fraud under this head "the false statements must be of such facts as are material and do not lie within the knowledge of the other party, and must have the effect of deceiving him in the transaction." *Hill on Trustees*, 147, *Note 1 and cases there cited; Id.*, 148; the leading case under this head is *Small vs. Atwood*, 6 *Clark & Finley*, 232, 531—for an abstract of the case see *Rawle on Covenants for Title*, 612 to 617; 1 *Greenl. Ev.*, sec. 275, *and Notes;* 2 *Phil. Ev.*, 350; 2 *Stark. Ev.*, 544, 548; 12 *Wend.*, 573; 2 *Minn.*, 277; 5 *Id.*, 418; 1 *Barb.*, 471; 6 *Met.*, 319.

III. If this parol promise had been binding upon the Defendant at the time it was made he is now released from it by operation of law. There is no rule better established than that a contract will not become illegal by reason of the performance thereof being excused or prohibited by statute. *Laws of* 1860, 216; *Chit. on Conts.*, 604–5, 635, *and Note* 2; 6 *M. & W.*, 269, 277, (1 *Smith's*

Catlin v. Fletcher.

*L. C.*, 169, *b*,) 4 *Comst.*, 412; 5 *Cow.*, 538; 3 *Porter*, 231; 7 *Mass.*, 325; 13 *Id.*, 94.

IV. But a false representation of one's *purposes* does not make frrudulent the act or deed in connection with which the representations were made. *Story's Eq. Jur.*, sec. 199; 12 *East.* 637–8; 5 *John.*, 354; 1 *Lim.*, 89; *Sugd.*, *V. & P.* (7th ed.) 6.

V. The representations of the Defendant, whether true or false, go only to the *legal effect* of the conveyance, and such representations will not avoid the deed. *Chitty on Conts.*, 591–2; 2 *Parsons on Conts.*, 274–5; 4 *B. & C.*, 506, 512; *S. C.*, 6 *D. & R.*, 567; 5 *Hill*, 303; 2 *Atk.*, 202.

VI. Mistake of a party as to the law of the case will not defeat the deed, conveyance or agreement. 6 *Clarke & Tinnelly R.*, 911, 916 *to* 971; 1 *Peters' Sup. Ct. R.*, 1, 15; 12 *Peters'* 32, 55, 56; 1 *John. Ch R*, 512, 515.

VII. When title is to be affected or conveyances annulled a *strong case* must be made out—much stronger than the defence need be to defeat a bill for specific performance. 16 *Ves.*, 83; 18 *Id.*, 10; 10 *Id.*, 292; *Hill on Trustees*, 147, (*marg. notation*).

A. G. CHATFIELD, Counsel for Plaintiff in Error.

AUSTIN & WARNER, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.—The Plaintiff brought her action to set aside a mortgage executed by her husband and herself, (upon the homestead of the mortgagors,) upon the ground that she was induced to execute the same from the false and fraudulent representations of the Defendant. The Defendant demurred to the complaint, and the demurrer was sustained. The Plaintiff sued out a writ of error.

The demurrer was properly sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The Plaintiff alleges that the Defendant told her that if she would sign the mortgage he would never do any thing with

it; that he would collect the money out of Swift (the endorser of the note), and that when the money was collected out of Swift the debt would be paid, and the mortgage would be cleared off, and the Plaintiff could have the place for her homestead. That relying upon the said promises of the Defendant, that he would collect the debt from Swift and never resort to the mortgage, and upon his representations that Swift could not touch the house and lot for the said debt, Plaintiff finally reluctantly consented to execute the mortgage, and that if she had not been induced by the Defendant to believe and rely upon his said promises and representations, she would not have consented to execute the mortgage. And upon her belief charges that the Defendant made said promises and representations knowing the same to be untrue, and with the intent and for the purpose of deceiving the Plaintiff and defrauding her into the execution and acknowledgment of the mortgage. This is the substance of the fraud charged. Here are two false promises or misrepresentations charged—first, that the Defendant would not enforce the mortgage; second, that Swift, the endorser, could not. Suppose the Plaintiff had alleged directly that she executed the conveyance upon the agreement and condition on the part of the Defendant that he would re-convey the premises to her, would that constitute a good or sufficient ground for setting aside the mortgage? Clearly not. Such promise would be within the statute of frauds, and this court has repeatedly held that parol proof of such cotemporaneous agreement cannot be received. *Wentworth vs. Wentworth*, 2 *Minn.*, 277; *Russell vs. Schurmier*, *Antep.*, 28; *Evans vs. Folsom*, 5 *Minn.*, 422. And in the latter case it was held that "fraud cannot be predicated of a promise not performed, for the purpose of avoiding a written instrument or bargain of any kind. A false promise to convey land does not taint the proceeding with such fraud as a court of equity will relieve against." The principle is equally applicable to the agreement to surrender a mortgage or not to use the same.

The complaint contains no statement of facts tending to show that the statement of the Defendant, in regard to his not making use of the mortgage, was false at the time it was made, but rests

solely in the belief of the Plaintiff. No inference can in this case be drawn to that effect, from the fact that the Defendant commenced to foreclose his mortgage; as a law has been enacted, since the alleged promise, prohibiting the Defendant from proceeding against the endorser until he has exhausted his mortgage security. (*Sess. Laws of* 1860, 216.) Even if the promise had been originally binding upon Defendant, this act would relieve him from the effect thereof. *Chit. on Cont.*, 604–5, 635, *Note* 2; 4 *Com.*, 412; 5 *Cow.*, 538; 12 *Mass.*, 94.

With regard to the representations of Defendant that Swift could not enforce the mortgage, it may be remarked, that there are not sufficient facts before this court to show that it was false in fact, or that Defendant knew that the statement was false. But assuming that the statement was not true, it was not a misrepresentation of a material fact, but one in regard to the legal effect of the conveyance, and such misrepresentations will not avoid the instrument. *Chit. on Con.*, 588; 2 *Par. on Con.*, 274–5; 4 *B. & C.*, 506; 6 *D. & R.*, 567; 5 *Hill*, 303; 1 *Pet. Sup. Ct. R.*, 15; 1 *John. Ch. R.*, 512. If that fact was in any wise material to Plaintiff, and she chose to rely upon the opinion or statement of the Defendant in regard to it without consulting any other person, not even her husband, she certainly fails to present a case entitling her to the interposition of a court of equity in her behalf.

The order sustaining the demurrer is affirmed.