## SUPERIOR COURT.

WILLIAM KELLY agt. ANNA C. DEVLIN, administratrix, &c., and others.

*New York (city of) — contracts with department of public works — secret partnerships in such contracts illegal.*

An account stated, the amount agreed upon, and a promise to pay, furnish good grounds for an action at law, but no basis for a bill in equity instituted for the purpose of establishing a partnership and for an accounting.

Although, as a general proposition, the legislature of a state is alone competent to make laws, it is well settled that it is competent for the legislature to delegate to municipal corporations the power to make laws and ordinances ; which, when authorized, have the force, as to persons bound thereby, of laws passed by the legislature itself.

Where the authority of the commissioners of public works to make and enter into contracts for the defendant, "the mayor, aldermen and commonalty of the city of New York," was conferred by chapter 335 of the Laws of 1873, commonly known as the city charter, which, among other things, provided that all contracts to be made or let for work to be done, or supplies to be furnished, shall be made by the appropriate heads of this department, under such regulation as now exist or shall be established by ordinance of the common council ; the ordinance contained a provision that every proposal for work should contain the names of all persons who are interested, and prohibits any secret agreement or understanding that any person not named should become interested in any contract :

*Held*, that a secret partnership made by two persons that they were to be equally interested in the contract for the work obtained by one of the two partners, is illegal, being against public policy, and contrary to positive law.

*Special Term, December,* 1879.

THE action is in equity and complains that on the 10th day of April, 1877, and prior thereto, the plaintiff and Charles P. Devlin were partners in business, doing work for the city of New York and for private parties, and continued as such to the time of the death of the latter. That part of the said business was the obtaining, executing and performing, in the

name of the said Charles P. Devlin, of orders and contracts by and with the department of public works in the city of New York, being an executive department of the defendant, the mayor, aldermen and commonalty of the city of New York, a municipal corporation duly organized and existing by the laws of the state of New York, under an agreement whereby the said contracts and order were to be obtained by the said Charles P. Devlin, in his name, and were to be executed and performed by him and the plaintiff, or one of them, upon such terms and conditions, in respect to each contract, as should be mutually agreed upon.

That the said Charles P. Devlin died on the 1st day of June, 1878, leaving his widow, the defendant Anna C. Devlin, who was duly appointed on the 3d day of June, 1878, administratrix of the goods and chattels of which he died possessed.

That on the 12th day of April, 1877, an accounting and settlement was had between the plaintiff and the said Charles P. as to all contracts, orders and work theretofore executed and performed, upon which it was mutually agreed by and between them that there was then due and owing by the said Charles P. to the plaintiff the sum of $2,500 upon contracts, orders and work theretofore executed and performed, which amount the said Charles P. promised and agreed to pay to the plaintiff.

A detailed statement is set forth of the several orders and contracts — not here necessary to repeat — which it is claimed that the said Charles P. had obtained, by and with the department of public works, in his name, and which were performed by him and the plaintiff, or one of them, and the complaint demands a judgment that the partnership be established and that all the moneys remaining unpaid on any of the contracts and orders, and all the moneys paid on any of the said orders and contracts to the defendants, Anna. C. Devlin, administratrix, &c., Charles Devlin and John B. Devlin, or any of them, be declared to be assets of the partnership theretofore existing between the plaintiff and Charles P., deceased ; that an account be taken of the transactions of the partnership ; that

any and all debts of the partnership be first paid out of the assets, and that the plaintiff recover such amount as shall on such accounting be found to be due to him out of the surplus.

Defendants, Anna C., John B. and Charles Devlin answer separately, and substantially deny the allegations in the complaint.

*E. R. Dodge* (*Nelson J. Waterbury,* of counsel), attorney for plaintiff.

*John H. Strahan,* attorney and of counsel for John B. Devlin.

*R. S. Newcombe* and *Albert Cardozo,* of counsel for Anna C. Devlin and Charles Devlin.

SPEIR, *J.* — The point first presented in this case, assuming that the partnership, such as is alleged in the complaint, was in fact made or entered into, is : Was the original arrangement for a joint interest or copartnership illegal and contrary to positive law ?

The authority of the commissioner of public works to make and enter into contracts for the defendant, the mayor, aldermen and commonalty of the city of New York, was conferred by chapter 335 of the Laws of 1873, commonly known as the city charter. By the seventy-first section, this department of public works shall have cognizance and control of paving, repairing and repaving streets, and keeping the same free from obstruction ; by section 91, all contracts to be made or let *for work to be done,* or supplies to be furnished, shall be made by the appropriate heads of this department, under such regulation as now exist, or shall be established by ordinance of the common council.

These ordinances provide, *inter alia,* that such person offering for the work should make out his estimate which he was to deposit in a box provided by the department for that pur-

pose; the name and place of residence of the person making the same; the names of all persons interested with him therein; and if no other person be interested it shall distinctly state the fact.

The ordinance further provides that the estimate should be verified by the oath, in writing, of the party making the same, that the several matters stated therein were, in all respects, true.

As required by the ordinance, Charles P. Devlin, when estimating for the work of paving the streets, swore that he alone was interested in the bids or proposals, and that if he obtained the contracts for the work no individual other than himself would have an interest in such contracts. He was the lowest bidder for the work and, pursuant to the requirements of the statute and ordinance of the city, the contracts were awarded to him.

The complaint is framed upon the idea that the partnership was a secret one and concealed from the department of the city authorized only to make these contracts under the provisions of law.

The agreement between the plaintiff and Charles P. Devlin, deceased, positively asserted that the deceased was to obtain contracts *in his name only* to be executed and performed by him and the plaintiff, or one of them, upon such terms and conditions in respect to each contract as should be mutually agreed upon. The contract was illegal.

The first step in the plaintiff's case was to prove that he was a secret partner and entitled to a share of this money. The obligation arises out of the contract of partnership itself. The ordinance prohibits secret partners, and the plaintiff, therefore, is not a partner. The object of the ordinance was to enable the department of public works to know with whom it contracted and, also, to see that certain officers of the city government should not become interested in procuring lucrative contracts for themselves and friends, and to prevent all secret combinations in relation to obtaining work. These

contracts were to be given to the lowest bidder. The provision that every proposal for work shall contain the names of all persons who are interested, and prohibits any secret agreement or understanding that any person not named shall become interested in any contract that may be made, was intended to deprive the people of honest competition which public bidding is designed to secure.

Although, as a general proposition, the legislature of a state is alone competent to make laws, it is well settled that it is competent for the legislature to delegate to municipal corporations the power to make laws and ordinances, which, when authorized, have the force, as to persons bound thereby, of laws passed by the legislature itself. In the present case such authority was delegated by an act of the legislature to the defendant corporation, the mayor, aldermen and commonalty of the city of New York (*Dillon on Municipal Corporations, sec.* 245 *and authorities cited; The Brick Church* agt. *The Mayor, &c.,* 5 *Cow.,* 541; *McDermot* agt. *The Board of Police,* 5 *Abbott,* 422). The rule has been applied to a statute of similar import passed by the legislature of this state (*Laws of* 1854, *chapter* 329) and has received the judicial sanction of the highest court. In the case of *Woodworth* agt. *Bennett* (43 *N. Y.,* 273), it was held that a secret partnership made by four persons that they were to be equally interested in the contract for the work obtained by one of the four partners, that such partnership was illegal, being against public policy.

There is an admission in the complaint that one of the objects of invoking the aid of the court was "to have the partnership established," and the accounts taken; and a concession on the part of the plaintiff that he and the deceased could not in his lifetime agree upon the accounts. I am unable to find any evidence of any agreement between the parties fixing the terms and conditions between them upon which any of the contracts or orders obtained by Charles P. Devlin were to be executed by them or by one or the other. It is true there was an accounting at Barry's office in April,

1877, in which it appears to have been agreed that there was due to the plaintiff $2,500, and that Mr. Devlin would give that sum in settlement. But the accounts as produced, utterly failed to show a partnership between the parties. The witness Barry did testify that there was an account stated and the amount agreed upon was $2,500, but he distinctly states that the accounts produced (which were for the pupose of proving a partnership) were wholly unintelligible to himself and the parties present incapable of explaining them further than agreeing that a sum was due to the plaintiff, and the deceased, Mr. Devlin, agreeing to pay the plaintiff the amount in settlement.

An account stated, the amount agreed upon, and a promise to pay, furnish good grounds for an action at law, but no basis for a bill in equity instituted for the purpose of establishing a partnership and for an accounting.

- The defendants are entitled to judgment.