ATTORNEY-GENERAL *v.* SHEPARD *& a.*

|    |     |
|----|-----|
| 62 | 383 |
| 70 | 142 |
| 62 | 383 |
| 71 | 483 |

A local legislative question of amending a city charter may be submitted by the senate and house, either to the voters of the city or to the city council, for decision.

In the absence of express regulation to the contrary, when a quorum is present at a meeting of a board of aldermen, and their journal properly shows the presence of a quorum, a proposition is carried by a majority of the votes cast, and it is not necessary that a quorum should vote.

QUO WARRANTO, against Emory N. Shepard, Oliver Pillsbury, and John C. Thorne, to test the validity of their election as aldermen by the fourth ward of Concord.   Facts agreed.   The charter of Concord, adopted by the inhabitants March 10, 1853, divided the city into seven wards, and provided that each ward should choose one alderman, and that a majority of the board should constitute a quorum for the transaction of business.   Laws 1849, *c.* 835, *ss.* 2, 3, 7, 30.   An amendment of the charter provided that each ward should choose "as many aldermen as that ward is entitled to representatives to the general court," and that the amendment should be void unless the city government, or the inhabitants of the city, should "by a majority vote of the legal voters present, and voting thereon by ballot, determine to adopt the same."   Laws 1881, *c.* 255, *ss.* 1, 3, 11.   April 29, 1882, this amendment was adopted by the common council.   May 27, 1882, at a meeting of the board of aldermen the roll was called, and all the members responded, except one who was absent on account of ill-health.   A message was received from the common council with the ordinance adopting the amendment.   The ordinance was duly read and put to vote, and declared by the chair to be passed. The yeas and nays were then called; three voted in the affirmative, three refused to vote, and the chair declared the ordinance passed; one of the three who refused to vote was the member who called for the yeas and nays; and these facts appear in the journal

of the board. During the calling of the yeas and nays the chair read *s.* 9 of the rules of the board, which requires every member who is present, when a question is put, to vote, unless excused by the board. The chair also requested each of the three non-voting members to vote, and each of them refused to do so. At the next election of aldermen, the fourth ward, being entitled to three representatives, elected the three defendants aldermen.

*C. P. Sanborn*, for the plaintiff.

*W. L. Foster*, for the defendants.

*R. A. Ray*, for Concord.

DOE, C. J. The amendment of the city charter was a local legislative question that could be submitted by the senate and house, either to the people of Concord, or to the city council elected by the people as their representatives for the general purpose of exercising such powers of local legislation and administration as may be delegated to municipalities. *State* v. *Hayes*, 61 N. H. 264, 319; *C. B. Co.* v. *Lowell*, 15 Gray 106, 116; *Stone* v. *Charlestown*, 114 Mass. 214, 222; *B. P. Church* v. *New York*, 5 Cow. 538, 540, 541; *Perry* v. *Keene*, 58 N. H. 40; *Kelley* v. *Kennard*, 60 N. H. 1, 3, 6. And the rejection of the amendment by the council would not render its subsequent adoption by the people unconstitutional.

There were seven aldermen. Four were a quorum. Six were present. Three voted for the adoption of the amendment, and the refusal of the other three to vote was inoperative. In the absence of express regulation, a proposition is carried in a town-meeting, or other legislative assembly, by a majority of the votes cast. *St. Joseph Township* v. *Rogers*, 16 Wall. 644, 664; Dill. Mun. Cor., *s.* 44, *p.* 63, *n.* 2; *Richardson* v. *Society*, 58 N. H. 187, 188. The exercise of law-making power is not stopped by the mere silence and inaction of some of the law-makers who are present. An arbitrary, technical, and exclusive method of ascertaining whether a quorum is present, operating to prevent the performance of official duty and obstruct the business of government, is no part of our common law. The statute requiring the presence of four aldermen does not mean that in the presence of four a majority of the votes cast may not be enough. The journal properly shows how many members were there when the vote was taken by yeas and nays; there was no difficulty in ascertaining and recording the fact; and the requirement of a quorum at that time was not intended to furnish a means of suspending the legislative power and duty of a quorum.

No illegality appears in the adoption of the amendment.

*Judgment for the defendants.*

All concurred.