Strafford,　}
Oct. 7, 1902.　}

ATTORNEY–GENERAL (*ex rel.* DOE & *a.*) *v.* REMICK.

Under section 5, chapter 209, Laws 1901, the city council of Somersworth are not required to vote by ballot in the election of a city clerk.

INFORMATION, in the nature of a *quo warranto*, to determine the title of the defendant to the office of city clerk of Somersworth. Facts agreed, and case transferred from the February term, 1902, of the superior court by *Wallace*, C. J.

At a meeting of the city council, composed of the mayor and ten councilmen, held March 18, 1902, for the organization of the city government and the election of a city clerk, four ballots were taken for city clerk, at each of which there was no choice,— R having one vote, K having four, and the defendant having five. At an adjourned meeting attended by all the members, a motion was made that the defendant be elected city clerk by a yea and nay vote. Objection was made that such a course would be illegal, but the mayor ruled that the motion was in order, and directed the clerk to call the roll, which he refused to do for the reason that he considered such course illegal. The council then adjourned to March 19. At the adjourned meeting, all members being present, a motion was made that the office of city clerk " be and hereby is declared vacant, and the present incumbent be excused from all further duties of his office, except to turn over all properties and records to his successor in office." A councilman protested against such proceeding. On a roll-call, five councilmen voted yea, and five, nay. The mayor declared the motion carried, voting in favor of it himself. Subsequently, a motion " that Harry C. Remick be and hereby is elected city clerk for the city of Somersworth for the municipal year ensuing," was adopted by a like vote,— a councilman protesting against the legality of the proceeding. Another councilman claimed the right to ballot, but was refused the privilege. The defendant took the oath of office, and has since acted as city clerk.

*John S. H. Frink* and *William F. Nason*, for the plaintiff.

*James A. Edgerly* and *William S. Pierce*, for the defendant.

CHASE, J. Formerly, the city government of Somersworth consisted of a mayor, a board of aldermen of five members, and a board of common councilmen of fifteen members. Laws 1893,

c. 171.  The mayor, aldermen, and common council, in their joint capacity, constituted the city councils.  P. S., c. 46, s. 3.  The mayor was authorized to give the casting vote in the joint convention of the city councils, "in case of an equal division upon a motion, or in case of an equal division between two candidates." Laws 1893, c. 171, s. 11.  Section 17 of the charter provided that "the city councils shall annually, on the third Tuesday of March, meet in convention and elect by joint ballot a city clerk, whose term of office shall continue for one year and until another shall be chosen and qualified to act in his stead, removable, however, at the pleasure of the city councils."

The charter was amended in 1901 by vesting the government in a mayor and "one board consisting of ten members, to be called the council."  The mayor and council are to sit and act together, and in their joint capacity are denominated "the city council." The mayor is to preside "in the meetings of the city council, but shall have no vote except in case of an equal division."  Laws 1901, c. 209, s. 1.  By section 5 of the act, section 17 of the charter is stricken out and the following is substituted in its place: "The city council shall annually on the third Tuesday of March meet and elect a city clerk, whose term of office shall continue for one year and until another shall be chosen and qualified to act in his stead, removable, however, at the pleasure of the city council." The only changes made in the wording of the section by this substitution are, the use of "council" instead of "councils," and the omission of the phrases, "in convention" and "by joint ballot." The change in the number of the word "councils," and the omission of the phrase "in convention," are undoubtedly attributable to the change made by the act in the form of government; but the omission of the phrase "by joint ballot," cannot be accounted for in that way.  If the intention was that the election should continue to be by ballot, it would seem as if the qualifying words, "by ballot," would have been retained, and "joint" only would have been dropped.  The legislature which adopted the charter evidently did not regard the word "elect" as sufficiently definite to express their intention, and qualified it by adding the phrase "by joint ballot."  This phrase was not used simply because the action was to be joint; it was used to show that the election was to be by ballot, as well as joint.  There is abundant evidence in the laws of the state showing that when the people or the legislature intend that the selection of a person for an office shall be made by ballot, they so provide in express terms.  Const., arts. 13, 33, 41, 59, 60, 61; P. S., c. 6, s. 1; Ib., c. 25, s. 1; Ib., c. 43, ss. 1, 2, 5, 6, 17; Ib., c. 49, s. 1; Ib., c. 50, s. 3; Ib., c. 90, s. 15, —both originally and as amended by Laws 1897, c. 69, s. 1; Ib.,

*c.* 148, *s.* 5. For instances in which the mode of election is not specially prescribed, see P. S., *c.* 43, *ss.* 23, 25; *Ib., c.* 49, *ss.* 10, 12; *Ib., c.* 154, *s.* 3; Laws 1899, *c.* 77, *s.* 2. In view of the definiteness of the former provision, and the usage of the people and the legislature in such cases, the omission of the words "by ballot" in the new section has great significance.

The change in the provision authorizing the mayor to give the casting vote in case of a tie also has a tendency to prove an intention to discontinue the requirement of a ballot in the election of city clerk. When the requirement was that the election should be by ballot, the mayor was specially authorized to vote "in case of an equal division between two candidates." No reference is made to this particular contingency in the amendment, but the mayor's right to vote is placed upon the condition that there is an equal division upon the subject before the city council for the time being, whether it be the election of city clerk or other officer, the passage of an ordinance, or the performance of an executive act. These subjects are grouped together and treated as a whole, without any distinction as to the manner of voting upon them.

Secrecy in the exercise of the right of suffrage has a tendency to promote independence and purity of action; and one reason why the ballot is adopted as a method of voting is to attain this object. This method also possesses safeguards against error not ordinarily possessed by other methods. But these reasons have little weight when the voting body consists of so small a number as ten members. The choice of each member of such a body is generally known, especially when there is a contest. As the city council consists of an even number of members, there is liability of an equal division at any time; and then, from the nature of the case, it will be known how the mayor, at least, votes. It would be a useless formality for him to cast a ballot to indicate his choice. The improbability of secrecy in the action of the councilmen, the impracticability of it so far as the mayor is concerned, and the very small liability to error, however the choice is manifested, would naturally lead the legislature to omit the former limitation as to the manner of voting. They might well regard the necessity for a speedy and certain selection of a city clerk as of paramount importance, and so drop a limitation which was of little use and which might become a hindrance rather than an aid to the attainment of the object in view.

These considerations lead to the conclusion that the council, in electing the defendant city clerk, acted in accordance with the authority conferred upon the body by the amended act, as the legislature intended it should be understood. 1 Dill. Mun. Corp. (4th ed.), *ss.* 94, 212; *State* v. *Barbour,* 53 Conn. 76; *Trowbridge* v. *Newark,* 46 N. J. Law 140.

The omission of five of the councilmen to vote did not affect the legality of the action. *Attorney-General* v. *Shepard*, 62 N. H. 383. The city council had express authority for removing the incumbent at pleasure, and they were at liberty to exercise the authority in the manner they adopted. But whether the removal was valid or invalid is immaterial, since the incumbent's term of office expired upon the election and qualification of the defendant as city clerk. Laws 1901, *c.* 209, *s.* 5. The information should be dismissed.

*Case discharged.*

All concurred.