Request of Senate,
No. 4777.

### OPINION OF THE JUSTICES.

Submitted July 16, 1959.

Answer returned July 17, 1959.

The following resolution adopted by the Senate on July 9, 1959, was filed in this court on the same date:

"WHEREAS, there is now pending before the General Court, House

Bill No. 494, An Act making temporary appropriations for the expenses of the State of New Hampshire, and House Bill No. 457, An Act making appropriations for the expenses of certain departments of the State for the year ending June 30, 1960, and

"WHEREAS, a question has been raised as to the constitutionality of An Act establishing a department of commerce, recently enacted, and

"WHEREAS, final action on said House Bills 494 and 457 is contingent upon a resolution of the said issue of constitutionality of the act establishing a department of commerce, therefore be it

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question:

"WHETHER the act establishing a department of commerce was constitutionally enacted?"

The following answer was returned:

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answer to the inquiry contained in your resolution of July 9, 1959: "Whether the act establishing a department of commerce was constitutionally enacted?"

The bill referred to in your resolution was originally House Bill 348 and now appears as Laws 1959, c. 166. We understand your inquiry does not pertain to the constitutionality of the provisions of the law but rather to the validity of its enactment.

New Hampshire Constitution, Pt. II, *Art.* 37 reads as follows: "[Senate to Elect Their Own Officers; Quorum.] The senate shall appoint their president and other officers, and determine their own rules of proceedings: And not less than thirteen members of the senate shall make a quorum for doing business; and when less than sixteen senators shall be present, the assent of ten, at least, shall be necessary to render their acts and proceedings valid." This constitutional provision providing for a fixed, stated quorum of "thirteen members" of the Senate is mandatory and unique. See Cushing, Law and Practice of Legislative Assemblies, *p.* 147, *s.* 361 (1874).

Limiting ourselves solely and exclusively to the journals of the Senate and the facts disclosed thereby (N. H. Const., Pt. II, *Art.* 24th) the following entries appear in substance: On Thursday, June 25, 1959, the Senate ordered to third reading and to passage

House Bill 348. On the next legislative day which was Tuesday, June 30, 1959, the Senate journal for June 25 was corrected and amended to show that the action taken on June 25 with respect to House Bill 348 was taken when twelve Senators only were present. The Senate journal of July 1, 1959, shows that with twenty-three Senators present it was voted to accept the journal of June 30, 1959. In the meantime on June 25, 1959, House Bill 348 had been signed by the Speaker of the House, the President of the Senate and the Governor and engrossed.

A legislative body has an inherent right to correct its own journal. Mason's Manual of Legislative Procedure, s. 700 (1953); *In re House of Representatives*, 45 R. I. 289. The corrected journal becomes the only authorized journal of the day's proceedings. Mason's Manual of Legislative Procedure, *supra*, s. 701.

Whatever may be the rule in other jurisdictions, it has been well established here beginning with the *Opinion of the Justices*, 35 N. H. 579 in 1858 that the journals of the Senate or House are authentic records binding on the public and the judiciary from which it can be ascertained whether the engrossed act was adopted in the manner required by the Constitution. The same view was expressed in *Opinion of the Justices*, 45 N. H. 607 in 1864 and in *Opinion of the Justices*, 52 N. H. 622 in 1873, and was reaffirmed in *Opinion of the Justices*, 76 N. H. 601, 603. In view of this consistent judicial and historical interpretation of the effect of legislative journals, we must reaffirm the proposition that the invalidity of an engrossed act may be proven by such journals.

In the present case the journals clearly demonstrate that a constitutional quorum of thirteen members of the Senate (N. H. Const., Pt. II, *Art.* 37) was not present when the Senate purported to act upon House Bill 348. Therefore House Bill 348 which was purported to be engrossed as Laws 1959, *c.* 166, was not validly and constitutionally enacted and never became law. Mason's Manual of Legislative Procedure, s. 500 (1953). See *Pollard* v. *Gregg*, 77 N. H. 190.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

July 17, 1959.

*William Maynard, Maurice J. Murphy, Jr.* and *Fuller, Flynn & Riordan* furnished a memorandum in behalf of Wesley Powell, Governor of the State of New Hampshire.

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* furnished a memorandum on behalf of Mary Louise Hancock.

*Upton, Sanders & Upton* furnished a memorandum on behalf of members of the Forestry and Recreation Commission.

*Devine, Millimet & McDonough* furnished a memorandum on behalf of the State Employees Association.