Hillsborough
No. 6595

DOROTHY BEZIO v. KATHLEEN NEVILLE *& a.*

May 31, 1973

*George C. Bruno* and *Joan Lobis* for New Hampshire Legal Assistance *(Mr. Bruno* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *John T. Pappas,* attorney *(Mr. Pappas* orally), for the defendants.

KENISON, C.J. The sole question presented for decision in this case is whether Laws 1969, ch. 478 was constitutionally enacted. The effect of the statute as applied to this case is to terminate eligibility for Aid to Families with Dependent Children (AFDC) upon the remarriage of the mother. In September 1972, the plaintiff informed the State welfare office that she had remarried, whereupon her AFDC payments were promptly terminated on the basis of a departmental regulation adopted pursuant to Laws 1969, ch. 478, amending RSA 167:2 and RSA 546-A:1. Plaintiff initiated this proceeding in superior court challenging the State welfare policy of automatic termination of AFDC payments upon the remarriage of the recipient upon the ground, among others, that Laws 1969, ch. 478 was enacted in violation of N.H. CONST. pt. II, art. 37. This question was reserved and transferred to this court without ruling by *Flynn,* J.

N.H. CONST. pt. II, art. 37 provides in pertinent part: "And not less than thirteen members of the senate shall make a quorum for doing business; and when less than sixteen senators shall be present, the assent of ten, at least, shall be necessary to render their acts and proceedings valid." We look to the legislative journals to determine if the constitutionally required procedures have been complied with. *E.g., Opinion of the Justices,* 103 N.H. 402, 174 A.2d 420 (1961); *Opinion of the Justices,* 35 N.H. 579 (1857).

N.H.S. Jour. 1026, 1028 (1969) shows that on June 16, 1969, House bill 928 (subsequently enacted as Laws 1969,

ch. 478) duly passed the first and second readings and was referred to the Public Health Committee. On June 24 the bill was duly ordered to a third reading. N.H.S. Jour. 1190 (1969). Later in the same day, the following proceedings are noted in the *Journal:* "The CHAIR recognized Sen. LAMONTAGNE who moved that HB 928, relating to liability for support by step-parents, having been ordered to third reading, be placed on second reading. On this motion, Sen. MASON requested a Division. Seven voted yes. Three voted no. Motion CARRIED." N.H.S. Jour. 1217 (1969). On June 25 the following proceedings are noted: "On order to third reading, the CHAIR requested a Division. Nine voted yes. Three voted no. Ordered to third reading." N.H.S. Jour. 1321-22 (1969). House bill 928 properly passed its third reading and final passage later in the day (N.H.S. Jour. 1409-11), and it was duly enrolled on July 1, 1969. N.H.S. Jour. 1540-41 (1969). It is plaintiff's contention that the two division votes of seven to three and nine to three, on June 24 and 25 respectively, indicate that only ten and twelve members of the senate were present during the respective proceedings. She claims that the proceedings were thus constitutionally defective since "the assent of ten" senators was not obtained in either case as required by N.H. CONST. pt. II, art. 37.

The procedural requirements of N.H. CONST. pt. II, art. 37 are mandatory *(Opinion of the Justices,* 102 N.H. 230, 153 A.2d 409 (1959)), and "[t]he journals of the two houses are to be accepted by the court as conclusive evidence of 'the proceedings, and all public acts of both houses, of the legislature.' Const., Part II; Art. 24th. *Opinion of the Justices,* 102 N.H. 230, 232, and opinions cited." *Opinion of the Justices,* 103 N.H. 402, 174 A.2d 420, 427 (1961). The presumptive validity of a statute will be overcome only if the journals give a clear indication that constitutionally required procedures were not followed. *E.g., Opinion of the Justices,* 103 N.H. 402, 174 A.2d 420 (1961); *Opinion of the Justices,* 35 N.H. 579 (1857). Division and roll call votes are more time-consuming than voice votes and are called for "either because the result appears close, or because [one member] doubts that a representative number of members present have voted . . . ." Robert's Rules of Order § 29, at 237 (1970). It is

reasonable to assume that ordinarily in this situation all members present will vote, particularly if the measure is controversial and the vote divided, and particularly in view of a member's general duty to vote unless excused. *See* N.H.S. Rules 12, 30, 42 (1969); Mason, Manual of Legislative Procedure § 521, at 367 (1970).

Occasionally one or two members present on a division or roll call vote may in fact not vote due to preoccupation with other business or an affirmative decision to abstain. *See* Robert's Rules of Order 342 (1970). In the instant case, however, at least six senators on the first division vote and four on the second would have had to have been present but not voting if the constitutionally required presence of sixteen senators was satisfied. We consider this highly unlikely, and nothing to this effect is shown by the *Journal.* One commentator has said that the objectives of constitutional provisions imposing procedural requirements are frustrated unless "the fact of compliance or noncompliance can be readily ascertained by an inspection of the journal." Freund, Standards of American Legislation 154 (2d ed. 1965). While not every procedural step need always be entered in the journal (*see* 1 Sutherland, Statutes and Statutory Construction §§ 15.04-.06 (4th ed. Sands 1972)), the absence of any indication that the required procedures were followed in the face of clear evidence that such steps were not followed will vitiate the particular legislative act. "We are of the opinion that the journals which the Constitution [N.H. CONST. pt. II, art. 24] thus requires to be kept ... were intended to furnish the courts and the public with the means of ascertaining what was actually done in and by each branch of the Legislature; not merely for the purpose of enabling the people to judge of the manner in which their public servants have conducted themselves in their office of legislators, but also for the purpose of determining whether the proceedings of the Legislature have been in conformity with the provisions of the Constitution . . . ." *Opinion of the Justices,* 35 N.H. 579, 580 (1857).

If "the journal properly shows how many members were there when the vote was taken," this affirmation will ordinarily be conclusive of the matter and no inference will be required.

*Attorney-General v. Shepard,* 62 N.H. 383, 384 (1882). However the *Journal* in this case in no way indicated how many members were present at either the seven to three vote of June 24 or the nine to three vote of June 25, other than noting the tallies. Both votes were thus constitutionally defective, and the particular actions voted upon were a nullity. N.H. CONST. pt. II, art. 37; *State ex rel. Stanford v. Ellington,* 117 N.C. 158, 23 S.E. 250 (1895); *Integration of the Bar Case,* 244 Wis. 8, 28, 11 N.W.2d 604, 614 (1943); *see Pollard v. Gregg,* 77 N.H. 190, 191, 90 A. 176, 177 (1914).

The defective vote of June 24 was an unsuccessful attempt to return House bill 928 to a second reading, and the bill remained ordered to a third reading. The defective vote of June 25 thus in no way altered the status of the bill as having properly reached a third reading. The remaining necessary steps to enact the bill into law were subsequently duly complied with, and the two invalid and ineffectual intermediary proceedings did not impair the proper enactment of the bill. We hold that Laws 1969, ch. 478 was constitutionally enacted.

*Remanded.*

GRIMES, J., concurred in the result; the others concurred.