HELEN E. WOJTKOWIAK and Others, Appellants, v. THE EVANGELICAL LUTHERAN ST. JOHN'S CHURCH OF BUFFALO, Respondent.*

Fourth Department, October 11, 1932.

*Jacob Jacobson* [*Edward H. Wolkind* and *David Smolak* of counsel], for the appellants.

*Franklin R. Brown,* for the respondent.

EDGCOMB, J. Defendant is a religious corporation. For some years it has owned and operated a cemetery in the town of Cheektowaga, Erie county, N. Y. On July 20, 1931, it entered into a contract with the plaintiffs for the purchase of additional lands to be used in connection with its present cemetery. The question arose as to the necessity of obtaining the consent of the board of

* Revg. 142 Misc. 264.

supervisors of Erie county to the use of such property for that purpose, and the parties agreed that, if such permission was necessary, and if it was not forthcoming, the contract should be null and void. It is stipulated that such consent, if applied for, will be refused. Plaintiffs bring this action to compel specific performance of the contract of sale. The decision turns upon the sole question of whether the permission of the board of supervisors is a prerequisite to the use by defendant of this additional land for cemetery purposes.

Section 7 of the Religious Corporations Law prescribes as follows: "A religious corporation may take and hold, by purchase, grant, gift or devise, real property for the purposes of a cemetery. * * *."

The suggestion that while this section gives the corporation the power to take and hold lands for cemetery purposes, it does not confer any authority to use the property for that end after it has been acquired, places altogether too narrow a construction upon the statute. What possible advantage would it be to a corporation to take and hold property, if it could not use it after its acquisition? The Legislature never intended to thus tie the hands of a religious corporation.

No restriction whatever is placed by this or by any other section of the Religious Corporations Law upon the power of a religious corporation to take or to use lands for cemetery purposes. The authority thus given is broad, comprehensive and complete, and, unless it is limited or curtailed by some other statute, would seem to resolve the question here under consideration in favor of the plaintiffs.

To uphold its contention, respondent relies upon section 73 of the Membership Corporations Law (as amd. by Laws of 1931, chap. 189), which reads as follows: "A cemetery corporation shall not take by deed, devise or otherwise, any land in the counties of * * * Erie for cemetery purposes, * * *, unless the consent of the board of supervisors or legislative body thereof, * * *, be first obtained."

But this section has no application to a cemetery belonging to a religious or municipal corporation. That is the unequivocal and explicit mandate of section 71 of the Membership Corporations Law.

Respondent points to the last sentence but one of section 73, which provides as follows: "Nothing contained in this section shall prevent any religious corporation in existence on April fifteenth, eighteen hundred and fifty-four, in any of said counties from using as heretofore any burial ground then belonging to it within such county." It argues that this provision reads into

this section a provision making it applicable to cemeteries owned by religious and municipal corporations, as well as to those owned by corporations organized under the Membership Corporations Law or under any general law for the burial of the dead in a grave, mausoleum or vault, notwithstanding the positive assertion of section 71 that the article of which section 73 is a part has no application to a cemetery belonging to a religious or municipal corporation, and that it repeals by implication the definite and express enactment contained in section 7 of the Religious Corporations Law giving to a religious corporation the power to take and hold lands for cemetery purposes, without any restriction or qualification.

It is not so easy to annul these express mandates of the Legislature. The courts do not favor the repeal of a statute by implication, and one act will not be repealed by another, in the absence of express words showing such intent, unless the two are in such conflict that both cannot be given effect. (*People* v. *Dwyer*, 215 N. Y. 46, 51; *Grimmer* v. *Tenement House Department*, 204 id. 370, 378; *Woods* v. *Supervisors of Madison County*, 136 id. 403, 409; *People* v. *Schultz*, 149 App. Div. 844, 847; affd., 206 N. Y. 627; *County of Orange* v. *Ellsworth*, 98 App. Div. 275, 279.)

An examination of the Membership Corporations Law and the Religious Corporations Law discloses no conflict as to the necessity of a consent by the board of supervisors of Erie county before lands may be used within that county for cemetery purposes. Both acts may be read together, and the provisions of each given their full operative force.

This latter provision of section 73 of the Membership Corporations Law, above referred to, is not a restriction upon the power of a religious corporation to acquire lands for cemetery purposes. It first found its way into the statute back in 1854 when the Legislature, by chapter 238 of the laws of that year, amended chapter 280 of the Laws of 1852 (amdg. Laws of 1847, chap. 133) relating to the incorporation of rural cemetery associations in so far as cemeteries in Westchester, Kings and Queens counties were concerned. It was doubtless incorporated in that act to avoid any question as to the constitutionality of the statute. Its need has long since ceased to exist, but it has been copied in each succeeding act on the subject. It has no purpose in the present statute, and is just so much excess baggage.

The counties enumerated in section 73, where the consent of the legislative body must be first obtained in order to use lands for cemetery purposes, are all thickly populated, and the purpose of the statute was doubtless to give the public authorities control over an agency which might become a menace to public health. It is

urged with much force that a cemetery owned and operated by a religious or municipal corporation would be just as detrimental to public health as one owned by a corporation formed under the Membership Corporations Law. Nevertheless the Legislature saw fit to make the distinction, and to require only the latter to obtain the specified permission. In so doing we must assume that the Legislature had good reasons for its act, and that it properly exercised its discretion. Its motives may not be considered for the purpose of effecting the destruction of the statute. (*Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45, 59; *Kittinger* v. *Buffalo Traction Co.*, 160 id. 377, 388; *People ex rel. Sturgis* v. *Fallon*, 152 id. 1, 11; *People ex rel. Bolton* v. *Albertson*, 55 id. 50, 54.)

This does not mean that the public are helpless in the event that a religious or municipal corporation so operates its cemetery that it becomes a menace to public health. A cemetery which is so situated that it endangers life or health, by corrupting the surrounding atmosphere or the water of wells or springs, or otherwise, may easily become a nuisance which can be abated by a court of equity. The power of any corporation, be it a religious, municipal or one organized under the Membership Corporations Law, to take and hold real property for cemetery purposes is subject to the exercise of the police power of the State. (*People ex rel. Oak Hill Cemetery Assn.* v. *Pratt*, 129 N. Y. 68; *Palmer* v. *Hickory Grove Cemetery*, 84 App. Div. 600, 602; *Morton* v. *St. Patrick's R. C. Church Society*, 56 Misc. 71.)

But that is far different from reading into this section a provision that in all instances the use of the land for cemetery purposes in Erie county is prohibited unless the board of supervisors of that county gives its consent to such use. The construction which we give to section 7 of the Religious Corporations Law in no way curtails or interferes with the police power of the State. The health authorities have ample power to protect the public, if for any reason a cemetery becomes a nuisance or endangers the life or health of the community in which it is located.

For the reasons above stated we feel constrained to differ with the Special Term, and to hold that the consent of the board of supervisors of Erie county was not a prerequisite to the purchase and use of this land by the defendant, and that the plaintiffs are entitled to the relief demanded in their complaint.

All concur.

Judgment reversed on the law, without costs of this appeal to either party, and judgment directed in favor of the plaintiffs for the relief demanded in the complaint, without costs.