ALFRED G. MORITZ, Individually and as Trustee of the UNITED BRETHRENS CHURCH ON STATEN ISLAND, Respondent, v. UNITED BRETHRENS CHURCH ON STATEN ISLAND, Appellant.

Second Department, March 25, 1935.

*Frederic W. Lahr,* for the appellant.

*Lester L. Callan,* for the respondent.

DAVIS, J.   The plaintiff as objecting trustee sued to restrain the defendant, a religious corporation, from developing and using a certain plot of ground, purchased in 1923, as an addition to its long-existing cemetery; and to have it judicially declared that a resolution by its central board of trustees, adopted November 15, 1932, in respect to having plans and sketches of the plot made for future cemetery purposes, is illegal and void.   The use of the property for the purposes intended is said to be illegal because in violation of section 451 of the Real Property Law and section 1539-a of the Greater New York Charter, which, in brief, forbids further development of cemeteries in Richmond county.

The facts were admitted by the pleadings or stipulated; and the findings are in accordance with these admitted facts.   The answer contained a counterclaim giving a history of the organization of the church, the early incorporation, the use for upwards of a hundred years of a part of its lands for burial purposes in connection with the church and its religious services.   Such burials have been found to be " religious duties and pious uses."   It was set forth in the counterclaim that, being a religious corporation with an ancient charter, defendant did not require any legislative or other consent to enable it to devote its lands to cemetery purposes, nor was the use of such lands subject to restriction by any statute.   The apparent difference between the parties relates only to the conclusions of law to be drawn from admitted facts.

The judgment dismissed the counterclaim and granted the relief demanded in the complaint.

The appellant argues that its certificate of incorporation, granted on May 7, 1808, is a contract not capable of being impaired by subsequent legislation under the provisions of section 10 of article 1 of the United States Constitution, and the familiar rule laid down in *Dartmouth College* v. *Woodward* (4 Wheat. 518).   Without discussion we may say that the rule concerning the impairment of contracts has in recent years met with great change, when the police power has been exercised by legislative bodies in the interest of public health, safety and welfare.

It may be that, as appellant argues, section 7 of the Religious Corporations Law has not been changed or repealed by the laws

above referred to; and the rights of the defendant are not and cannot be affected by legislation directed chiefly to membership corporations and the like, which own cemeteries. That view finds support in the authorities. (*People ex rel. Sturges* v. *Keese*, 27 Hun, 483; *Church of Redemption* v. *Grace Church*, 68 N. Y. 570; *Wojtkowiak* v. *Evangelical Lutheran St. John's Church*, 236 App. Div. 411; affd., 261 N. Y. 656.) Even if the charter section in question be deemed an exercise of the reserved police power, as applied to the lands of the defendant, it must be determined that such restriction is reasonable and necessary to accomplish some legitimate purpose. (*Pierce* v. *Society of Sisters*, 268 U. S. 510; *Matter of St. Bernard & St. Louis Cemetery Assn.*, 58 Conn. 91; 19 A. 514; *Morton* v. *St. Patrick's R. C. Church Society*, 56 Misc. 71; *Wojtkowiak* v. *Evangelical Lutheran St. John's Church, supra.*)

Apparently this cemetery and the proposed addition thereto are so located in respect to surrounding territory that they do not constitute a nuisance in law or fact, or a menace to the public health, safety or welfare. So far as it appears, there has been no interference with their use or threat of interference by any of the public authorities. The action is a friendly suit solely within the church organization. No costs have been asked nor have any been granted to either party. In effect, the parties are seeking an advisory opinion of the court without joining other parties who may have an interest in the subject of the litigation. Obviously parties not joined would not be bound by a determination in a suit of this nature. There is, in fact, no real controversy. There is merely a difference of opinion on a legal question in which the public may have some interest in the future.

The courts will not determine the constitutionality or general effect of legislation in a friendly suit where there has not been the fullest disclosure of all material facts. (*Chicago & Grand Trunk R. Co.* v. *Wellman*, 143 U. S. 339; *People ex rel. Deister* v. *Wintermute*, 194 N. Y. 99.) Nor will the courts make final determination of questions where the rights of many persons and municipal corporations may be affected, in a suit where parties are seeking an advisory opinion which they hope will forestall other litigation. (*Board of Black River Regulating District* v. *Ogsbury*, 203 App. Div. 43; affd., 235 N. Y. 600.)

There is here no question of misconduct of corporate officers, nor of waste of corporate assets. The trustees are acting reasonably and in good faith within their apparent power and rights and with no defined purpose of violating any law — being advised, no doubt, by their counsel. In the exercise of reasonable discretion, they have adopted a policy of adding lands to their cemetery. At

most, the attitude of the plaintiff is one of doubt of the ultimate legality of the project, if it is ever questioned. Neither the trustees nor this court can now reasonably forecast whether city officials will ever take any action to prevent carrying out the project, or what determination the courts will make if such action is undertaken. It will depend upon the state of the facts and the law at that time.

As the case is presented, there is no definite, tangible challenge to the good faith of the officers of the defendant and the legality of their action. Beyond that we do not go.

The judgment for the plaintiff should be reversed on the law and the complaint dismissed, and in so far as it dismisses the counterclaim the judgment should be affirmed, without costs.

HAGARTY, SCUDDER and TOMPKINS, JJ., concur; LAZANSKY, P. J., dissents and votes to affirm upon the ground that defendant is prohibited from taking any lands for cemetery purposes by section 1539-a of the Greater New York Charter.

Judgment reversed on the law and the complaint dismissed, without costs. Conclusions of law Nos. 1–10, inclusive, disapproved. This court finds, in lieu thereof, the conclusion that the complaint should be dismissed, without costs.

On April 5, 1935, the decision was amended to read as follows:

Judgment for the plaintiff reversed on the law and the complaint dismissed; and in so far as it dismisses the counterclaim, the judgment is affirmed, without costs. Conclusions of law Nos. 1–10, inclusive, disapproved. This court finds, in lieu thereof, the conclusion that the complaint should be dismissed, without costs. HAGARTY, SCUDDER and TOMPKINS, JJ., concur; LAZANSKY, P. J., dissents as to the dismissal of the complaint and votes to affirm the judgment in its entirety upon the ground that defendant is prohibited from taking any lands for cemetery purposes by section 1539a of the Greater New York Charter.