Alfred G. Moritz, Individually and as Trustee of the United Brethrens Church on Staten Island, Appellant and Respondent, *v.* United Brethrens Church on Staten Island, Respondent and Appellant.

(Argued October 15, 1935; decided November 19, 1935.)

*Lester L. Callan* for plaintiff, appellant and respondent. No corporation may set apart any ground for cemetery purposes in Richmond county. (L. 1904, ch. 618, § 1; L. 1910, ch. 702, § 1; L. 1911, ch. 813, § 1; L. 1912, ch. 463, § 1; *Horton* v. *Cantwell*, 108 N. Y. 255; *Matter of Washington Street Asylum & Park R. R. Co.*, 115 N. Y. 442; *Lyddy* v. *Long Island City,* 104 N. Y. 218; *Schieffelin* v. *McClellan*, 135 App. Div. 665; *Matter of Mead*, 74 N. Y. 216.) The Legislature has the constitutional right to prohibit taking or using land in Richmond county for cemetery purposes. (*City of New York* v. *Kelsey*, 158 App. Div. 183; *People ex rel. Oak Hill Cemetery Assn.* v. *Pratt*, 129 N. Y. 68; *Wojtkowiak* v. *Evangelical Lutheran Church*, 236 App. Div. 411; *People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429; *People* v. *Griswold*, 213 N. Y. 92; *Palmer* v. *Hickory Grove Cemetery*, 84 App. Div. 600; *Laurel Hill Cemetery* v. *San Francisco*, 216 U. S. 358.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Edmund L. Palmieri* of counsel), for City of New York, *amicus curiæ.* Defendant is barred from taking any lands for cemetery uses by section 1539-a of the Charter of the City of New York (Laws of 1904, ch. 618, § 1, as amd.). (*Dartmouth College* v. *Woodward*, 4 Wheat. 519; *Lawton* v. *Steele*, 152 U. S. 133; *Mugler* v. *Kansas*, 123 U. S. 623; *Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Charles River Bridge* v. *Warren Bridge*, 11 Pet. [U. S.] 420; *Noble State Bank* v. *Haskell*, 219 U. S. 104; *California Reduction Co.* v. *Sanitary Reduction Works*, 199 U. S. 306; *Laurel Hill Cemetery* v. *San Francisco*, 216 U. S. 358; *Wojtkowiak* v. *Evangelical Lutheran Church*, 236 App. Div. 411; 261 N. Y. 656; *City of New York* v. *Kelsey*, 158 App. Div. 183; *Jacobson*

v. *Massachusetts,* 197 U. S. 11; *Price* v. *Illinois,* 238
U. S. 446; *Matter of Viemeister* v. *White,* 179 N. Y. 235;
*Matter of Vasko,* 238 App. Div. 128.)

*Frederic W. Lahr* for defendant, respondent and appel-
lant. The charter of the defendant is a franchise or
contract under which it has the absolute right to acquire
and use lands for burial purposes and which right the
State of New York cannot impair. (*People ex rel.
Sturges* v. *Keese,* 27 Hun, 483; *People* v. *O'Brien,* 111
N. Y. 1; *Church of Redemption* v. *Grace Church,* 68 N. Y.
570; *Burke* v. *Trinity Church,* 63 Misc. Rep. 43; *State
Bank of Ohio* v. *Knoop,* 57 U. S. 369; *Hunter* v. *Trustees
of Sandy Hill,* 6 Hill, 407; *Close* v. *Glenwood Cemetery,*
107 U. S. 466; *Richards* v. *North West Protestant Dutch
Reformed,* 20 How. Pr. 317; *Grace* v. *Repose Mausoleums,
Inc.,* 78 Misc. Rep. 213; *First Presbyterian Church* v.
*McKallor,* 35 App. Div. 98; *Hutchinson Land Co.* v.
*Whitehead Bros. Co.,* 127 Misc. Rep. 558; *Town of Pawlet*
v. *Clark,* 9 Cranch, 291; *Dexter* v. *Gardner,* 89 Mass. 243;
*Beatty* v. *Kurtz,* 27 U. S. 566.) There is no irreconcilable
conflict between the Religious Corporations Law (Cons.
Laws, ch. 51), the Membership Corporations Law (Cons.
Laws, ch. 35), the Real Property Law (Cons. Laws, ch.
50) and the Charter of the City of New York. (*Davis*
v. *Supreme Lodge, Knights of Honor,* 165 N. Y. 159;
*Woods* v. *Supervisors,* 136 N. Y. 403; *Czaonowsky* v. *City
of Rochester,* 55 App. Div. 388; *Matter of La Rocca* v.
*Flynn,* 257 N. Y. 5; *Bush* v. *D., L. & W. R. R. Co.,* 166
N. Y. 210; *Wojtkowiak* v. *Evangelical Lutheran Church,*
236 App. Div. 411; 261 N. Y. 656; *Baylis* v. *Rosemount
Cemetery Assn.,* 134 App. Div. 251; *Grace* v. *Repose
Mausoleums, Inc.,* 78 Misc. Rep. 213; *People ex rel.
Fleming* v. *Dalton,* 158 N. Y. 175.) The police power
of New York State is not involved. (*Morton* v. *St.
Patrick's R. C. Church Society,* 56 Misc. Rep. 71; *Matter
of Jacobs,* 98 N. Y. 98; *Colon* v. *Lisk,* 15 N. Y. 188.)

HUBBS, J.   In this action brought by a trustee of the defendant, a religious corporation, plaintiff seeks to enjoin the corporation from developing for cemetery purposes a tract of land adjoining its existing cemetery lands in Richmond county. The defendant corporation was organized in 1808, pursuant to the provisions of chapter 79 of the Laws of 1801.   Under that law it was empowered to hold land for cemetery purposes and has maintained a cemetery for over one hundred years.   In 1923 it bought adjoining land, known as the Adams property.   On November 15, 1932, it adopted a resolution to develop that tract for cemetery purposes, plaintiff, a trustee, voting against the resolution on the ground that the church had no right to use the property for cemetery purposes.   This action is based upon the adoption of that resolution.

The defendant's answer contains a counterclaim praying for a declaratory judgment to the effect that the defendant is entitled to use the land in question for cemetery purposes.   The Special Term dismissed the counterclaim and granted an injunction restraining defendant from so using the Adams property.   At the time when defendant was incorporated there were no statutes in this State regulating the use of land for cemetery purposes. Defendant contends that it has such right both under its charter and under section 7 of the Religious Corporations Law (Cons. Laws, ch. 51).   When defendant was incorporated in 1808, the State did not reserve the right to alter, amend or repeal its charter and, therefore, defendant insists it has a constitutional right to hold and use the land in question for burial purposes.   It also urges that it has the same right under section 7 of the Religious Corporations Law as other statutes which restrict that right as to other corporations do not have that effect as to religious corporations.

The trial court decided in substance that the defendant is prohibited by section 451 of the Real Property Law

(Cons. Laws, ch. 50), as in effect April 13, 1912, from using the lands in question for cemetery purposes without the consent " of the board of aldermen of the city of New York."

It also held that it was prohibited by section 1539-a of the charter of the city of New York (Laws of 1901, ch. 466; as amd. by Laws of 1904, ch. 618) from using the lands for such purpose even though such consent of the Board of Aldermen were to be first obtained.

Section 451 of the Real Property Law, as amended in 1912 (L. 1912, ch. 300), in effect April 13, reads as follows: " Acquisition of lands for cemetery purposes in certain counties. It shall not be lawful for any person to take by deed, devise or otherwise or set apart or use any land or ground in any of the counties of Westchester, Kings, Queens, Richmond, Rockland, Suffolk or Nassau for cemetery purposes without the consent of the board of supervisors for such county, or of the board of aldermen of the city of New York, as the case may be, first had and obtained in like manner as provided for in the membership corporations law; and said board of supervisors or board of aldermen in granting such consent may annex thereto such conditions, regulations and restrictions as such board may deem the public health or the public good require."

Section 1539-a of the charter, as amended in 1912, in effect April 18 (Laws of 1912, ch. 463), reads as follows: " After this section as hereby amended takes effect no person, association or corporation shall take by deed, devise or otherwise any land in the counties of *Queens* or *Richmond* for cemetery purposes, nor set apart or use any ground for cemetery purposes in either such counties. *Existing cemetery associations and corporations,* however, shall have the right to use for cemetery purposes, land lawfully taken by recorded deed, or devise and set apart for cemetery purposes or for the purposes of the convenient transaction of their general business, prior to or used

therefor, at the time this act takes effect, and all lands taken by a recorded deed and actually set apart for cemetery purposes prior to June twenty-fifth, nineteen hundred and ten."

Each constitutes a prohibition against the use for cemetery purposes of the lands here involved, the former because the consent of the Board of Aldermen has not been obtained and the second as a negation of the right to devote the lands to the use proposed.

The question presented is whether religious corporations are excepted from the provisions of the city charter. Concededly, the defendant's charter and section 7 of the Religious Corporations Law, and the laws from which that section was derived, grant to it the power and authority to hold and use land for cemetery purposes.

The section of the Real Property Law, and the provision of the city charter were enacted subsequent to the granting of defendant's charter and the enactment of section 7 of the Religious Corporations Law. There is no express repeal of the right of a religious corporation to take and hold land for burial purposes.

A literal reading of the first sentence of section 1539-a of the New York City Charter discloses that it prohibits any " person, association or corporation " from using any land for cemetery purposes in Richmond county, which is included within the boundaries of New York city. The prohibition makes no distinction between a religious corporation and any other kind of a corporation.

The second sentence of section 1539-a contains a reservation in favor of " cemetery associations and corporations," under which they have the right to use lands for cemetery purposes provided they were acquired and used for such purpose prior to June 25, 1910. It is urged by defendant that the second sentence modifies and limits the prohibition contained in the first sentence and thereby restricts the prohibition exclusively to cemetery associations and corporations in the strict

meaning of the term, so that the section as a whole has no application to religious corporations.

Statutes enacted to prevent the use of land for burial purposes are enacted under the police power of the State to conserve the public health. If the law-making authority, in enacting section 1539-a, enacted it for the purpose of protecting the public health, no reason exists why a distinction should have been made between a religious corporation and any other kind of a corporation. The use of land in Richmond county for burial purposes by one kind of corporation would be as injurious to public health as a like use by another kind of corporation. A few days prior to the time section 1539-a became effective, section 451 of the Real Property Law went into effect. That section prohibited the use of land in Richmond county for burial purposes without the consent of the local authorities. When the Legislature desired to except religious corporations from the effect of statutes affecting cemetery corporations it had no trouble in making its meaning clear. Thus, in section 71 of the Membership Corporations Law (Cons. Laws, ch. 35), it is expressly provided that the statute does not apply to a cemetery belonging to a religious corporation. If it had desired to except religious corporations from the effect of section 1539-a it would undoubtedly have done so by the use of similar language. Not having done so, courts must take the language as they find it and not endeavor to read into the statute a meaning not expressed by the Legislature.

Defendant contends that as section 7 of the Religious Corporations Law has not been expressly repealed, it should not be treated as repealed by implication. True it is that courts are reluctant to decide that statutes are repealed by implication. Section 1539-a, prior to the amendment of 1912, prohibited the use of land for burial purposes in certain portions of the city of New York. The only amendment to that section in 1912 was to add to those lands the county of Richmond.

There can be no mistaking the intent of the Legislature in making that amendment. It could have been made for only one purpose, namely, to prohibit absolutely the use of lands in Richmond county for cemetery purposes except such lands as were already being used for that purpose. Where the intent of the Legislature is clear, and a later local statute covers the whole subject as far as the local territory is concerned, the local statute is treated as intended as a substitute for and a repeal *pro tanto* of the earlier general statute. Section 1539-a, a local statute, is repugnant to section 7 of the Religious Corporations Law, a general statute, the restriction in section 1539-a as amended applying to Richmond county, while the general statute affects all the counties of the State. The intent by the amendment of the local statute to except Richmond county from the general provisions of the general law is unmistakable and such intent must be given effect by holding that the local statute excepts Richmond county from the general provisions of section 7 of the Religious Corporations Law.

The defendant, under its charter, is entitled to be protected against impairment of contracts under the principle announced in *Dartmouth College* v. *Woodard* (4 Wheat. [U. S.] 518). We entertain no doubt, however, that regardless of the provisions of its charter, the defendant is subject to the police power of the State. It has long been established that the State for the protection of public health may under the police power regulate and prohibit the use of land for burial purposes. (*Corporation of Brick Presbyterian Church* v. *Mayor*, 5 Cow. 538; *Coates* v. *Mayor*, 7 Cow. 585; *People ex rel. Oak Hill Cemetery Assn.* v. *Pratt*, 129 N. Y. 68; *Laurel Hill Cemetery* v. *San Francisco*, 216 U. S. 358; *Wojtkowiak* v. *Evangelical Lutheran St. John's Church*, 236 App. Div. 411; affd., 261 N. Y. 656; 2 Dillon on the Law of Municipal Corporations [5th ed.], § 682.)

Courts are loathe to overthrow the action of a Legislature in the exercise of its police power, providing it acts

reasonably. We cannot say that the Legislature acted unreasonably or in an arbitrary manner in prohibiting the further extension of the right to use lands for burial purposes within the boundaries of the great city of New York. (*Noble State Bank* v. *Haskell,* 219 U. S. 104.)

As the city of New York made a motion in this court for permission to file a brief as *amicus curiæ* and a brief was filed by the Corporation Counsel, we deem it unnecessary to pass upon the question discussed in the opinion of the Appellate Division.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division to plaintiff-appellant.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.