**BETH HAMEDROSH ANSHE GALICIA CONGREGATION, et al., Plaintiff-Appellee, v. BROOKLYN (Village), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20156. Decided December 17, 1945.

David L. Suid, Cleveland, for plaintiff-appellee.
Michael J. Hearns, for defendant-appellant.

## OPINION

By MORGAN, J.

This action was brought in common pleas court by the plaintiff Congregation, seeking a writ of mandamus against the defendant Village, to require it to issue a permit to plaintiff to use certain described land for cemetery purposes. The plaintiff prevailed in the trial court and a writ of mandamus was issued as prayed for.

The case was tried on the pleadings and an agreed statement of facts. From these, it appears that the plaintiff Congregation entered into a conditional purchase agreement with The Cleveland Trust Company, co-plaintiff, to purchase 15-2/10 acres of land located in defendant Village. The agreement, however, was made conditional upon the plaintiff Congregation obtaining from the defendant Village a permit to use the land for cemetery purposes.

The answer contains five defenses of which in this opinion we shall only consider two, as follows: (a), on March 5, 1928, the village passed an ordinance which prohibits the establishment of any additional private cemeteries within the corporate limits; (b) on November 25, 1940, the village enacted a zoning ordinance. Subsection 32 of the section devoted to "Uses" prohibits cemeteries.

The question to be decided is whether the Village under the facts of this case, had the authority under the police power to pass in 1928 a valid ordinance prohibiting the establishment or enlargement of any private cemetery, within the village and also to pass a zoning ordinance in 1940 by which the premises were zoned for specific uses which did not permit, but prohibited, cemeteries.

The trial judge in his decree, made a finding that "the land in question can be used only for cemetery purposes and the zoning ordinance No. 1940-19 of the Village of Brooklyn, Sec. 3 thereof, is invalid and of no effect."

There is nothing in the agreed statement of facts to the effect that the premises can be used only for cemetery purposes. They are, in fact, now being used for a golf driving course.

The premises has a frontage of 583 feet on Ridge Road, a main thoroughfare in the village, and has adjacent to it, existing cemeteries on both its northern and southern boundaries. There has been a considerable industrial development in the village and two important factories have been constructed about a quarter of a mile away.

Brooklyn Village comprises approximately 2600 acres including all village streets and at the time of the passage of the said ordinances, 190 acres (or approximately 7% of the entire area of the village) had been dedicated and were being used for cemetery purposes.

The assessed valuation of all real estate within the village is $6,903,910.00 and the village has outstanding a bonded indebtedness of $1,125,068.00 or 16-3/10 percent of the total assessed valuation of all the real estate in the village.

Cases in other jurisdictions were cited by the plaintiff, indicating that under its police power a municipality can prohibit the establishment or enlargement of cemeteries only for reasons of public health. In our opinion such a limitation of the police power is not well founded. The cases in Ohio do not support such a narrow view.

In 92 Oh St 215, our supreme court included in the police power the right "to insure in any respect such economic conditions as an advancing civilization of a highly complex character requires."

In **Marmet v State, 45 Oh St 63,** the police power was defined as:

"The power by which persons and property are subject to all kinds of restraints and burdens in order to secure the general comfort, health and prosperity of the state."

Cemeteries do not pay taxes and the defendant village is carrying a heavy tax burden. The village council evidently came to the conclusion in 1928 and confirmed it by the zoning ordinance of 1940, that inasmuch as 7% of the total area of the village had already been devoted to cemetery purposes, it was time to call a halt on the construction in the village of new cemeteries or the enlargement of old ones. It is our opinion that under the police power the council of the village, in order to secure the "prosperity" of the village (45 Oh St 63) and to insure therein right "economic conditions" (92 Oh St 215) had the power to enact legislation whose purpose was to insure the proper diversified and symmetrical development of the village area.

In passing on the validity of an ordinance passed for such a purpose, the language of Mr. Chief Justice Hughes in Purity Extract Co. v Lynch, 226 U. S. 192, is quite pertinent:

"The court has no concern with the wisdom of exercising the police power, and unless the enactment has no substantial

relation to a proper purpose, cannot declare that the limit of legislative power has been transcended. For the courts to attempt to determine whether the exercise of police power within legislative limits is wise, would be contrary to our constitutional system and substitute judicial opinion for the legislative will."

In the case of Moritz v United Brethrens Church, 269 N. Y. 125, it appeared that Sec. 1539-A of the Charter of the City of New York passed in 1904, prohibited the use of lands within the limits of New York for cemetery purposes. With reference to the validity of that provision, the court said (page 133):

"Courts are loathe to overthrow the action of the legislature in the exercise of its police power, providing it acts reasonably. We cannot say that the legislature acted unreasonably or in an arbitrary manner in prohibiting the further extension of the rights to use lands for burial purposes within the boundaries of the great city of New York."

In the case of Catholic Bishop of Chicago, appellee, v Village of Palos Park, appellant, 286 Ill. 400, the court held: (4th parag. of syllabus)

"The delegation by the general assembly to municipal corporations of the power to prohibit the establishment of a cemetery within one mile of the corporation, is valid and does not violate any constitutional limitation on the exercise of the police power."

In the above Illinois case, the Village of Palos Park was a small village of about 300 inhabitants and 111 houses. On May 8, 1917, the Village passed an ordinance prohibiting the establishment of a cemetery within the corporate limits or within one mile thereof. Later the Bishop of Chicago contracted for the purchase of 140 acres of land adjacent to the village to be used for cemetery purposes. The lower court held the ordinance unreasonable, and void, but the supreme court reversed this decision on the ground that "these facts all went to the reasonableness of the exercise of the power delegated to the village, which, under the authority given, is beyond the legitimate province of the court."

We are further fortified in the conclusion to which we have arrived in this case, by the provisions of §4157 GC, as follows:

"Council may prohibit the interment of the dead within the corporation limits and for the purpose of making such prohibition effective, may not only impose proper fines and penalties, but shall also have power to cause any body interred contrary thereto, to be taken up and buried without the limits of the corporation."

Inasmuch as by the above section municipalities are given the right to prohibit burials, it seems to be a necessary corollary that they also would have the right to prohibit the establishment of cemeteries.

For the reasons stated the decree of the trial court in this case is reversed and final judgment is entered for the defendant appellant, Village of Brooklyn.

SKEEL, P. J., LIEGHLEY, J., concur.