Harry W. Davis, J.
This action is one of five actions involving the same basic issues herein.
In this action, the plaintiff signed a contract with defendants dated June 3,1968 for 200 hours of dancing lessons at a price of $5,000. She paid the $5,000 in advance.
In Teague v. Fifth Avenue Bernat (Index No. 24156/69) the plaintiff signed a contract dated October 24, 1968 for $7,122.34 for 285 hours of dancing lessons, of which 49% hours in lessons were already used. Plaintiff is suing for $6,423.34, the balance of the unused dance lessons.
In Bardewyck v. Fifth Avenue Bernat (Index No. 29408/69) the plaintiff made several contracts between December, 1964 and March, 1966 in the total sum of $10,526.49 for 921 hours of dancing lessons. The action is for $4,678.20 for 371 hours of unused dancing lessons.
In Glover v. Arthur Murray Town & Country Dance Club (Index No. 24155/69) the plaintiff is suing for $4,083 for contracts made between January, 1966 and November, 1967.
*661 In Valentin v. Fifth Ave. Bernat (Index No. 44992/69) the plaintiff is suing for $7,077 upon two contracts dated April 13, 1967 and August 23, 1968.
The basic issue involved in all these actions is whether plaintiffs may recover for the unused dancing lessons provided under their contracts pursuant to subdivision 2 of section 394-b of the General Business Law.
Subdivision 2 of section 394-b of the General Business Law reads as follows2. Any contract for instruction in physical or social skills, or for the use by an individual patron of a dance hall studio, ballroom, gymnasium, or other physical or social training facility which requires payment by the person receiving such instruction, or the use of such physical or social training facilities, of a total amount in excess of five hundred dollars, or granting to the person furnishing such instruction or providing the use of such facilities, an automatic renewal option where the payments to be made during the original contract period and the option period combined are in excess of five hundred dollars, shall be valid and enforceable only if: (a) The term of the contract shall be for a precisely measured period of years, or any definite part thereof; and (b) the payments to be made thereunder shall be in instalments so computed that the total'amounts so paid shall not exceed by more than five per cent the prorated costs of the units of instruction or use actually received thereunder at the time the latest payment is made; or, if no definite number of units of instruction or use is specified in the contract, the total amount so paid shall not exceed by more than five per cent the proportion of the total contract price that the expired portion of the entire term bears to the whole term of the contract.”
Subdivision 3 thereof reads as follows: “ 3. No contract described in subdivision two above shall be assigned without the written consent of the person receiving such instruction or the use of such physical or social training facility. ’ ’
In all these actions, it is apparent that subdivision 2 of section 394-b of the General Business Law has been violated.
The defendants argue that subdivision 2 of section 394-b of the General Business Law is not the type of statute, which allows the plaintiffs to recover the refunds sought in these actions. Rosasco Creameries v. Cohen (249 App. Div. 228) cited by defendants in their counsel’s memorandum of law, was reversed by the Court of Appeals (276 N. Y. 274).
It is clear that the basic purpose of section 394-b of the General Business Law was to protect the public from these unconscionable dance contracts where the plaintiffs pay exorbitant prices *662 for hundreds of hours of dance lessons which they may never actually receive. If said section has any meaning at all, it is clear that the Legislature intended to allow the plaintiffs to recover for a violation of said section. The validity and constitutionality of such a statute was clearly determined in California where a similar statute was enacted (People v. Arthur Murray, Inc., 238 Cal. App. 2d 333; Porter v. Arthur Murray, Inc., 249 Cal. App. 2d 410).
In both California cases, the court upheld the validity and constitutionality of the California Dance Act. In the Porter case (supra), the plaintiff was given the right to recover all the money paid on the illegal contracts.
I hold that the plaintiffs may rely on section 394-b of the General Business Law to recover the entire amount owed for unused dancing lessons under their contracts. Said section is valid and constitutional.
The defendant, Fifth Ave. Bernat, Inc., argues that it is not in privity with the plaintiffs, however, the plaintiffs have shown that said defendant purchased the franchise from a previous franchisee, N. T. Dance, Inc. The plaintiffs are third-party beneficiaries of said franchise agreements. Furthermore, it appears that most of the plaintiffs actually made their contracts with said defendant. Said defendant is offering to give the dance lessons to the plaintiffs. Said defendant is clearly liable because the original contracts were invalid and were assumed by said defendant.
Accordingly, plaintiff’s motion for summary judgment is granted and judgment shall be entered for the amount demanded in the first cause of action of the complaint. The second cause of action is dismissed.