Howard A. Zeller, J.
Plaintiff moves for summary judgment in this action to recover $2,192.64, the computed value of 192 unused hours of dancing instruction paid for in advance by plaintiff.
On or about June 15, 1964 plaintiff signed an agreement with the franchised Arthur Murray School of Dancing, Binghamton, New York, for 100 hours of instruction at a cost of $1,230, *141 which was paid in full by plaintiff within two days pursuant to the contract terms. On July 6, 1964 plaintiff signed another contract for 300 additional hours of instruction at a cost of $3,428, to be paid in full by October 10, 1964. This second contract was paid in full on September 4, 1964. James Howington was the franchise holder during 1964. Plaintiff in fact did receive 208 hours’ instruction of the 400 hours purchased. On March 3, 1970 she demanded the return of $2,192.64 from defendant Patrick.
Plaintiff’s claim for this refund is based in part upon defendant Patrick’s franchise agreement with Arthur Murray, Inc., franchisor, to which she alleges she is a third-party beneficiary. Secondly, plaintiff alleges the contracts were illegal as they violated section 394 of the General Business Law then in effect. Without textual change section 394 later was renumbered and is now section 394-b.
Subdivision 2 of section 394-b reads in part, ‘1 Any contract for instruction in physical and social skills * * * which requires payment by the person receiving such instruction * * * of a total amount in excess of five hundred dollars * * * shall be valid and enforceable only if: * * * (b) the payments to be made thereunder shall be in installments so computed that the total amounts so paid shall not exceed by more than five percent the prorated cost of the units of instruction or use actually received thereunder at the time the latest payment is made ”.
Obviously both contracts were and are violative of section 394-b of the General Business Law, and plaintiff is entitled to a refund upon her decision to rescind. (Pescatori v. Nassau Dance Studio, 61 Misc 2d 216; Best v. Murray Town & Country Dance Club, 60 Misc 2d 660.)
Defendant Omar Patrick (also known as Onifer Patrick), doing business as the Arthur Murray School of Dancing, Binghamton, New York, acquired the Binghamton franchise on January 19, 1970.
Defendant Patrick concedes that under his franchise agreement he is obliged to honor the unused portion of plaintiff’s contracts by giving the instructional hours due thereunder. However, def endant Patrick contends that he is under no obligation under his franchise, or otherwise, to make a refund to a student he did not enroll, with whom he had no negotiations concerning her contracts and from whom he received no payment.
Defendant Patrick acquired the Binghamton franchise directly from franchisor Arthur Murray, Inc., and had no negotiations *142 or dealings relative thereto with the prior franchisee, James C. Howington, who held the franchise under the style of Omnibar, Inc. Defendant Pistole, a predecessor franchisee to Howington, remained on with the Binghamton studio in some operational capacity in 1964 and allegedly negotiated the subject contracts with plaintiff on behalf of the Binghamton Arthur Murray School of Dancing.
Under paragraph 5 (a) of the printed Patrick franchise agreement the “ Franchisee agrees to honor the unused portion of paid courses * * * by giving dancing instructions to such students and the Franchisee shall be entitled to receive therefrom the sum of $4.00 per hour * * * and this payment shall be made by the Arthur Murray School which originally enrolled said student.”
In analyzing other terms of the franchise agreement it is of some significance that a franchisee in dealing with private instructional contracts of another franchisee is required to seek reimbursement from the originally contracting franchisee. Thus Patrick is required to honor the Howington-Pistole contracts for instruction and is required to look to them for reimbursement. Paragraphs 5 (a) and 6 (a and b) restate the same underlying principle. But Patrick contends his obligation to plaintiff consists solely in giving 192 instructional hours to her.
Plaintiff argues defendant Patrick is further obligated to refund the value of her paid-up, unused lessons, by reason of Patrick’s franchise agreement paragraph 25, stating “ The Franchisee agrees that he will make refunds for unused lessons, at the request of any student for a refund, when and if a refund is justified.” Certainly a refund here is justified by operation of section 394-b, but defendant Patrick asserts that paragraph 25 pertains only to refunds for unused lessons of those students who made a prepayment to and were directly enrolled by the franchisee from whom the refund is sought.
Patrick claims the only time a nonenrolling franchisee is obligated to refund for unused lessons is when that nonenrolling franchisee takes over a franchise by direct negotiations with the predecessor franchisee who did enroll the student seeking a refund. Reference is made to franchise paragraph 45 which does spell out an obligation to teach out or refund payments for untaught lessons when there has been such a take-over of an existing franchise. Defendant Patrick contends such a situation was not his case as he dealt directly for his enfranchisement with franchisor. This is not disputed.
However, the precise language of paragraphs 25 or 45 does not bend to the interpretation put on them by defendant *143 Patrick. Paragraph 45 could readily have spelled out in detail the exclusionary interpretation urged. Similarly paragraph 25 could readily have spelled out the qualifications Patrick would read into it. But neither in fact does.
A refund is here justified in law, and the obligation to make such refund to any student is clearly undertaken by this franchisee under paragraph 25 of his franchise agreement. No merit is found to Patrick’s defense, and summary judgment should be granted plaintiff against defendant Patrick for $2,192.64 with interest from March 3, 1970.
Defendant Pistole has appeared herein and requested a dismissal of the complaint as to him. The only submitted proof demonstrates that, at all times pertinent, defendant Pistole was no more than an agent for defendant Patrick’s predecessor franchisee, James C. Howington. There is no proof to establish any individual liability or obligation to plaintiff on the part of defendant Pistole.
Summary judgment dismissing the complaint as to defendant Pistole should be granted.