■ DOROTHY G. SHERMAN, Respondent, v. OMAR PATRICK, Also Known as ONIFER PATRICK, Doing Business as ARTHUR MURRAY STUDIO, Appellant. ARTHUR MURRAY, INC., et al., Defendants.— Appeal from an order of the Supreme Court at Special Term, entered in Broome County on November 1, 1971, which denied appellant's motion to dismiss the complaint as to him. Respondent signed three contracts with the Arthur Murray Studio in Binghamton in 1965 and 1966, paying a total of $16,300 for lifetime dancing lessons. She commenced an action on or about July 21, 1971 against Arthur Murray, Inc., and five individuals, including appellant, who were at various times franchisees of the dance studio. The complaint alleges three causes of action: one based on fraud; the second on a violation of section 394-b of the General Business Law; and a third under section 394-c (now 394-d) of said law. Appellant is one of the franchisees, having obtained his franchise from Arthur Murray, Inc., directly on January 8, 1970 and having ceased operation on or about December 8, 1970. The complaint fails to state a cause of action against appellant for fraud and deceit under the doctrine of agency. There is no allegation in the complaint, nor do we find anything in the record which could link appellant to Arthur Murray, Inc., or the other franchisees at the time the alleged fraud and deceit were perpetrated. There has been no violation by appellant of sections 394-b or 394-d of the General Business Law as he made no contract with respondent. Respondent alleges that she is a third-party beneficiary of the agreement between Arthur Murray, Inc., and appellant. Appellant's franchise agreement contains, among others, the following provisions: "5. (a) The Franchisee agrees to honor the unused portion of paid courses of private lessons of dancing students enrolled in any Arthur Murray Dancing School owned or franchised by the Franchisor, by giving dancing instructions to such students and the Franchisee shall be entitled to receive therefor the sum of $4.00 per hour (or such figure as Franchisor in its sole discretion may later fix in writing from time to time) for each hour of private dancing instruction so given by the Franchisee on account of said unused lessons and this payment shall be made by the Arthur Murray Dancing School which originally enrolled said student." "6. (a) The Franchisee, if he conducts class lessons in his studio, agrees to honor the unused portion of paid courses of class lessons of dancing students enrolled in any other Arthur Murray Dancing School owned or franchised by the Franchisor, by giving class dancing instruction to such students, and the Franchisee shall be entitled to receive the sum of $1.50 per hour (or such figure as Franchisor, in its sole discretion, may later fix in writing from time to time), for each hour of class dancing instruction so given by Franchisee on account of said unused class lessons, and this payment shall be made by the Arthur Murray Dancing School which originally enrolled said student." "25. The Franchisee agrees that he will make refunds for unused lessons, at the request of any student for a refund, when and if a refund is justified." "45. If this agreement is being entered into to provide for and to authorize the operation by Franchisee of a studio or studios in the

territory hereinbefore mentioned, which studio or studios was or were heretofore owned and operated by Franchisee or was or were heretofore or is or are simultaneously with the execution hereof, being purchased by Franchisee, from a prior Franchisee thereof, with the consent of the Franchisor, the Franchisee hereby assumes and agrees to promptly pay all debts and obligations of said studio or studios to Franchisor, if any, and Franchisee also agrees, at his own cost and expense, to teach out and/or make refunds for all paid for but untaught lessons of students of said studio or studios to be operated pursuant hereto, to the date hereof." Appellant contends that there is no liability on his part to make refunds for paid but unused dancing lessons since he did not enroll respondent, nor did he acquire his franchise from the prior franchisee or previously operate a studio in the immediate area. We find appellant is clearly obligated under the above-quoted paragraphs 5-a and 6-a of the franchise agreement to complete a course of dancing instructions sold by any franchisee of an Arthur Murray Dancing School for which a student has previously paid. However, as to obligating him to make a refund to any student for unused lessons, we are of the opinion that paragraph 45 controls. A contract must be construed to give effect to all of its terms, and if there is an inconsistency between a general and a specific provision, the specific provision will control. (*Muzak Corp.* v. *Hotel Taft Corp.,* 1 N Y 2d 42, 46.) Paragraph 45 specifically sets forth the instances in which a franchisee shall be obligated to make refunds, and therefore, should control over paragraph 25 which contains only a general provision for making refunds to students for unused lessons. Respondent is not entitled to a refund from appellant and the complaint should be dismissed as against him. We have also examined respondent's contention that she is entitled to the application of the principle of *res judicata* or collateral estoppel on the basis of *Lott* v. *Patrick* (65 Misc 2d 140). We find no merit to this contention. Order reversed, on the law, and motion to dismiss complaint against appellant granted, without costs. Greenblott, J. P., Sweeney and Simons, JJ., concur; Kane and Reynolds, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting): We vote to affirm the order denying the motion to dismiss the complaint. In determining such a motion, the complaint must be liberally construed, the court must assume the truth of the allegations and give the pleader the benefit of every favorable inference (*Lavigne* v. *Allen,* 36 A D 2d 981, 982). It is conceded that the plaintiff is entitled to the refund she seeks resulting from a violation of section 394-b of the General Business Law, only the question of who is liable remains. There should be a trial of the issues to determine whether paragraph 25 or paragraph 45 of appellant's franchise agreement applies to this particular refund. To do otherwise is to permit appellant to escape possible liability by an ambiguity created by him and his franchisor. Additionally grave questions exist in such cases as to alter egos and substitutions of franchisees, to the legal detriment of innocent students unless a plenary trial can be had.