Anne L. Carson, Esq. Special Assistant Corporation Counsel, New York
You have asked two questions regarding the relationship between General Business Law, § 394-b and Personal Property Law, §§ 402(2)(b)(3) and 408(1):
 1) Is the right of prepayment of any contract or obligation provided by section 408(1) in conflict with the directive of section 394-b(2)(b) that payments to be made under certain contracts for instruction or of physical or social training facilities shall be in installments, and, if it is, which law should govern or in what manner can the conflict be resolved?
 2) Is section 394-b, or the disclosure of an extract of section 394-b(2)(b) on a contract for dance instruction, for both, inconsistent with the disclosure requirements of section 402(2), and, if so, in what manner can that conflict be resolved?
General Business Law, § 394-b(2) provides, in pertinent part, that:
 "[a]ny contract for instruction in physical or social skills, or for the use by an individual patron of a dance hall studio * * * which requires payment by the person receiving such instruction or the use of such physical or social training facilities, of a total amount in excess of five hundred dollars * * * shall be valid and enforceable only if: (a) the term of the contract shall be for a precisely measured period of years, or any definite part thereof; and (b) the payments to be made thereunder shall be in instalments so computed that the total amounts so paid shall not exceed by more than five per cent the prorated cost of the units of instruction or use actually received thereunder at the time the latest payment is made; or, if no definite number of units or use is specified in the contract, the total amount so paid shall not exceed by more than five per cent the proportion of the total contract price that the expired portion of the entire term bears to the whole term of the contract." (Emphasis supplied.)
Personal Property Law, § 402(2) provides, in pertinent part, as follows:
 "In any case in which * * * [a retail instalment contract or obligation] contains a promise to compensate the buyer for referring customers or prospective customers to the seller or the seller to such customers, the contract must contain
* * *
 "(b) A notice in at least eight point bold type reading as follows: NOTICE TO THE BUYER: * * * 3. Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the credit service charge." (Emphasis supplied.)
Personal Property Law, § 408(1) provides in pertinent part, as follows:
 "Notwithstanding the provisions of any contract or obligation to the contrary, any buyer may pay it in full at any time before the maturity of the final instalment of the time balance thereof and if he does so shall receive and be entitled to receive a refund credit thereon * * *." (Emphasis supplied.)
There is no case law or legislative history on the relationship between the installment payment requirement of General Business Law, § 394-b
and the right of prepayment specified in Personal Property Law, §§402(2)(b)(3) and 408(1). The intent of the Legislature in enacting section 394-b was to avoid unconscionable contracts where consumers were charged exorbitant fees for services to be rendered which were not commensurate with such fees or which might never actually be received by the consumer (March 11, 1964 Sponsor's Memorandum from Louis J. Lefkowitz, Attorney General to the Governor concerning Assembly Int 3018, Pr 3060, later enacted as L 1964, ch 289, § 1). Section 394-b effectuates this legislative purpose by
 "* * * prohibit[ing] dancing schools * * * from offering lifetime contracts to their subscribers * * *"
and by
 "* * * requir[ing] all subscriptions for an extended period of time which involve the payment of more than $500.00 to be paid out on an instalment basis, payments never to exceed the prorated value of actual services rendered by more than five percent." (Id.,
Emphasis supplied.)
Under section 394-b, contracts which are not for a definite term and which do not contain an installment payment schedule calculated in coordination with the units of instruction or services actually received, are void. See also, Best v Arthur Murray Town Country DanceClub, 60 Misc.2d 660 (Civ Ct, New York Co, 1969).
In order to implement the policy underlying section 394-b that payments under specified contracts correspond to services rendered, the Legislature, in our view, clearly intended that such payments be made only on an installment basis, and in no other manner. That being the case, it is our opinion that the installment payment directive of section 394-b is inconsistent with the right of prepayment provided by Personal Property Law, § 408(1). To give effect to the right of prepayment in the context of a contract for dance-hall instruction would, in our view, undermine the purpose of section 394-b and would encourage the very evil which the Legislature intended to eradicate.
There are other inconsistencies between the two statutes. Section 404(1) of the Personal Property Law permits the seller, in a retail installment contract or obligation, to charge and collect a credit service charge at whatever interest rate the buyer agrees to pay. A "credit service charge" is essentially that part of the total contract price which exceeds the price at which the goods or services would have been sold if the sale were a sale for cash instead of a retail installment sale (Personal Property Law, § 401[9] and [11]). To the extent that the seller and buyer are free to contract for a credit service charge in excess of five percent of the prorated cost of the units of instruction or services actually rendered, Personal Property Law, § 404(1) is in direct conflict with the five percent limitation prescribed by General Business Law, §394-b(2). We also note that the amount of any refund credit to which the buyer is entitled upon prepayment in accordance with Personal Property Law, § 408 is calculated upon a proportion of the credit service charge established under section 404(1) (id., § 408[1] and [2]). Since the amount of any such refund credit could be based upon a credit service charge which, itself, exceeds five percent, we believe that the right of prepayment cannot logically be applied to those contracts specified in General Business Law, § 394-b.
We are also unable to ascertain what benefit might be derived by the consumer from prepaying a contract for dance instruction, since installment payments will never exceed the value of services rendered by more than five percent. Personal Property Law, § 408 contemplates that a buyer may benefit from prepayment by receiving a refund of a substantial portion of the credit service charge, including a significant rebate of interest or other finance charges, which is not necessarily limited by contract to five percent. Prepayment of contracts for dance instruction, on the other hand, will not, in our view, produce any such benefit for the consumer.
Finally, we note the direct conflict between Personal Property Law, § 406 and General Business Law, § 394-b(3) in relation to the assignment of contracts.
We believe that section 394-b was enacted by the Legislature in response to a specific problem in a specific industry and was intended to cover the whole subject of dance hall studio and certain other contracts. If the Legislature had intended to make the provisions of Article 10 of the Personal Property Law applicable to contracts covered under section 394-b, it could have inserted that section in Article 10, as it apparently did in the case of Personal Property Law, § 412-a, a special statute pertaining to correspondence schools similar in effect to section 394-b.
In view of the conflict between General Business Law, § 394-b and Personal Property Law, § 408(1), we are of the opinion that the former, being the more recent and more specific statute, takes precedence over the provisions of Article 10 of the Personal Property Law in relation to the payment of those contracts specified in section 394-b. It seems clear that section 394-b was intended to render inapplicable any inconsistent provisions that might otherwise apply to contracts for dance instruction. Moreover, a later specific statute which is in conflict with a prior general statute covering the same subject matter controls the case (Bloom v Town Board of Town of Yorktown, 80 A.D.2d 823 [2d Dept, 1981]), and the general law is repealed insofar as the specific act applies (Moritz v United Brethrens Church on Staten Island, 269 N.Y. 125
[1936]). We conclude, therefore, that the right of prepayment of Personal Property Law, § 408(1) is inapplicable to contracts specified in General Business Law, § 394-b.
Having concluded that the right of prepayment does not apply to contracts covered by General Business Law, § 394-b, it follows that the disclosure of that right in the manner set forth in Personal Property Law, § 402(2)(b)(3) is also inapplicable to such contracts.
We express no opinion as to the relationship between General Business Law, § 394-b and those provisions of Article 10 of the Personal Property Law not discussed herein.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.